### THE TOWN OF LONDONDERRY *vs.* THE TOWN OF WINDHAM.

WINDHAM,
February,
1829.

That one town cannot recover of another their expenses in support of a pauper resident, even in sickness, except those that accrue after an order of removal is made.

That the expense of removing cannot be so recovered, unless the pauper be sick and unable be removed, when the order is made.

That a pauper's being deranged, does not prevent an order of removal.

This was an action of *assumpsit*, brought to recover the expenditures of the plaintiffs, in support of one *William Nourse*, and his wife, and a large family of children, who belonged to said *Windham:* also, to recover the expense of removing the paupers. The first count of the declaration alleged the sickness and expenditures, and notice, correctly, but was silent about any order of removal. The second count was for the expense of the order of removal, and of the removal; but alleged no sickness to prevent a removal as soon as the order was made.

   To this declaration there was a *general demurrer* and *joinder* in demurrer. Upon these pleadings the County Court rendered judgment for the defendants, and the plaintiffs excepted to the decision, and removed the cause to this Court.

   The defendants' counsel contended, that the first count was bad, because it did not state that there was any order of removal; and cited the case of *Jamaica* and *Windham*, decided by this Court last term.* This case does not differ from that, in principle, by averring the sickness.—They also contended that the second count stated no liability. The statute allows the expenses of removal to be recovered, only in a case named, to wit, where the pauper is sick, and unable to be removed, when the order is made.

   The counsel for the plaintiffs contended that the allegation in the first count, that the pauper was sick and under mental derangement, which rendered him incapable of being examined touching his last legal settlement, superceded the necessity of an order of removal; as none could be legally made, while he continued in that state. That, consequently, the plaintiffs were entitled to recover for the expenditures incurred prior to the order of removal. Also, that they were entitled to recover the expenses of the removal, which are claimed in the second count, with every necessary averment.

* Not yet reported.

WINDHAM,
*February,*
1829.
———
Londonderry
*vs.*
Windham.

The opinion of the Court was delivered by

HUTCHINSON, J.   The paupers, in the present case, were not transient persons, suddenly taken sick in *Londonderry*, so as to bring the claim within the eleventh section of the statute upon this subject.   They had come to reside in *Londonderry*, and were subject to any order of removal the town might procure; and, any claim for their support must be founded upon the second, third, and fourth sections of the act.   The third section contains a provision, by which an order might have been made for the removal of these paupers.   The fourth section provides that, if they were sick and unable to be removed when the order is made, they may be removed when they recover, and the expense of the sickness, and also of the removal, may be recovered of the town to which they are thus removed.   But, a careful reading of those sections, shows that the first step in this must be the order of removal.   All the after references are to such stranger, meaning the stranger against whom such order is made.   Indeed, by the second section, the overseers are to provide for all the poor resident in such town, and are to take effectual measures to prevent their strolling into other towns.   They are to be considered as inhabitants of the town where they thus reside, till a decision to the contrary.   An order of removal is such a decision.   Giving direct effect to such an order, places the paupers where they belong.   And this may usually be done too speedily for any expense to occur.   But, if this is prevented by the sickness of the pauper, the statute gives a remedy for the expense of that sickness, and also of the removal.   It has often been said, by the Judges of this Court, in deciding such actions, that there is no equity between towns relative to the support of paupers: all is a statute regulation; and a claimant must show himself within some provision of the statute.   As the order of removal must be the first step for the plaintiffs, and, as the first count states no such order, it must be considered insufficient, unless the defect is virtually supplied by the averment with regard to the sickness of the paupers, and their inability to be examined with regard to their last legal settlement.   Without this averment, the case is exactly the same as that decided in this Court, at the last term in this County, wherein *Jamaica* and *Windham* were parties.   How, then, does this averment affect the case?   We do not readily perceive why there might not be such an order made while the pauper is insane.   The statute authorizes the examination of the pauper, but does not make that the only mode of ascertaining facts.   Such a restraining provision might be very inconvenient, and even destructive of the main provisions of the statute.   A man's birth,

WINDHAM.
*February,*
1829.

Londonderry
*vs.*
Windham.

ORANGE,
*February,*
1829.

and residence, and means of support, may as well be learnt from the testimony of his family and neighbors, as of himself. It has been decided that such an order might be made without examining the pauper. In the case of *Stamford* and *Whitingham*, in *Bennington* County, there was a motion to dismiss, because it did not appear, by the record certified up, that the Justices examined the paupers. To this it was replied, that the pauper was deranged and could not be examined. This was ruled to be a sufficient excuse for not examining the pauper. The cause was retained, and afterwards tried upon the merits. But suppose such order could not be made while the pauper is deranged, how would that help the plaintiffs? It would be their misfortune, perhaps, but they cannot throw their misfortunes upon another town, but by some provision of the statute: and there is no provision in their favor but what requires them to begin with such an order.

What has been said in relation to the first count, virtually disposes of the second count. The statute allows a recovery for the *cost* of removal, only in a case where the sickness of the pauper prevents a removal after an order is made. This point was decided in *Windsor* County, while I was at the bar, in a suit between *Barnard* and *Hartland*. An order was made, and, no sickness intervening, the pauper was forthwith removed from *Barnard* to *Hartland*. The *expenses* of the order and the removal, were about ten or twelve dollars. *Barnard* brought their suit for this before a Justice of the peace, and recovered the expenses of *removing* the pauper, but not those of *making the order*. *Hartland* appealed to the County Court, and recovered. A bill of exceptions was allowed; and a writ of error brought to the Supreme Court, on which the judgment was affirmed. As the statute reads, this is its necessary construction.

Judgment that the declaration is insufficient, and the judgment of the County Court is affirmed.

*Mr. Kellogg*, for the plaintiffs.

*Mr. Everett*, for the defendants.