## HILLSBOROUGH COUNTY *v.* LONDONDERRY.

Assumpsit lies on an implied promise to discharge a legal obligation created by statute, unless some other remedy is expressly given.

The general rule in regard to notice, in special actions of assumpsit is, that where the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, there the declaration should state that the defendant had notice thereof; but when the matter does not lie more properly in the knowledge of the plaintiff than of the defendant, notice need not be averred.

In an action by a county, for money paid for the support of an insane pauper at the Asylum, to which he had been committed by order of the judge of probate (under Rev. Stat., ch. 9, secs. 11 and 15), against a town chargeable for said pauper's support, the declaration should aver notice to the defendant town of the proceedings by which it is sought to be made liable.

But where notice is properly averred in such a case, there is no need of an averment of a demand before suit brought.

ASSUPMSIT, brought upon the statute to recover a certain sum of money alleged to have been paid out by said county for the support and maintenance of one Parker G. Melvin at the New-Hampshire Asylum for the Insane.

The declaration is as follows:

"In a plea of the case for that by the Revised Statutes of said State passed on the 23d day of December, 1842, it is among other things enacted, that any insane person committed to the asylum (meaning the New-Hampshire Asylum for the Insane), by any court or judge of probate, shall be supported by the county from which he was committed, and any sum so paid may be recovered by the county of any county, town, or person, chargeable with his support."

"And said county of Hillsborough avers, that July 16, 1859, one Parker G. Melvin, then a resident of Litchfield, in said county, at a special term of the probate court held at Manchester within and for said county, on said last named day, was decreed to be an insane person, and was committed to said asylum from said county by the Honorable David Cross, then judge of probate for said county, and has ever since been supported there at the expense of said county, and during said time said county, by its commissioners, did and have paid out and expended for the necessary support and maintenance of said Melvin at said asylum, from July 19, 1859, to January 27, 1862, inclusive, and including said 19th day of July, 1859, and said 27th day of January, 1862, for board, lodging, washing, medicines, medical attendance, and clothing and postage, according to the specification in the annexed account, the sum of four hundred dollars and nine cents in money. And the said county avers that at the time of the committing of said Melvin to said asylum, he was poor and unable to support himself, and that there was no county, relative, or other person, chargeable with his support, and that the said committing of said Melvin to said asylum was necessary and in accordance with law; and that, July 16, 1859, said Melvin had a legal settlement in said town of Londonderry, whereby said town is chargeable by law for his support, and liable for the same; by means of all which said premises, said town of Londonderry became, and is liable to pay to the said county the aforesaid

sum of four hundred dollars and nine cents, and in consideration thereof, at the county aforesaid, to wit, at Nashua aforesaid, the said town of Londonderry afterward, to wit, on the day of the date of this writ, promised the said county to pay it the same sum on demand; yet, though requested," &c.

To this declaration the defendant filed a special demurrer, and showed to the court the following causes of demurrer:

(1.) No sufficient demand is alleged to have been made by the plaintiff on the defendant for the payment of the plaintiff's claim before the commencement of the suit.

(2.) Because the action should have been an action on the case, not in assumpsit.

And the questions arising upon the demurrer were reserved.

*J. B. Clarke*, Solicitor, for the plaintiff.

*S. N. Bell*, for the defendant.

SARGENT, J. Two questions only are raised by the demurrer, (1) that no sufficient demand is alleged, (2) that the action should have been case and not assumpsit. The second ground of demurrer is not tenable. Assumpsit lies on an implied promise to discharge a legal obligation created by statute; 1 Sel. N. P. 73; *Rann* v. *Green*, Cowp. 474; and the law implies a promise coextensive with the obligation. It is the general rule, that for money accruing, due under the provisions of a statute, the action of assumpsit may be supported, unless some other remedy is expressly given. *Bell* v. *Burrows*, Bull. N. P. 129; *Brookline* v. *Westminster*, 4 Vt. 224; *Londonderry* v. *Windham*, 2 Vt. 149; *Essex* v. *Milton*, 3 Vt. 17; *Danville* v. *Putney*, 6 Vt. 512; *Pawlet* v. *Sandgate*, 19 Vt. 621; *Bath* v. *Freeport*, 5 Mass. 325.

And, although the declaration is evidently defective, yet the demurrer has not assigned the true defect, that no demand was made upon the defendants. The real defect in the declaration is, that it is not alleged that the defendant town had notice of the proceedings by which they are to be made liable. Perhaps this defect might have been remedied by an allegation of a demand, not because the money would not be payable until demanded, but because a demand for the money, in the absence of all other notice, might amount or be equivalent to such notice.

The general rule in regard to notice in special actions of assumpsit is, "that where the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, there the declaration ought to state that the defendant had notice thereof; but where the matter does not lie more properly in the knowledge of the plaintiff than of the defendant, notice need not be averred. 1 Ch. Pl. 328; 1 Sel. N. P. 110; 1 Saund. 62, a, note; *Henning's Case*, Cro. Jac. 432. In the latter case, Hennings bought two weights of barley of the plaintiff, and promised to pay for them as much as the plaintiff should receive of any one else, abating only a penny in a bushel. The plaintiff proved

that he sold to J. S. two weights of barley, after this agreement, for 18 pounds, which, abating the penny on every bushel, amounted to 17 pounds 10 shillings, and thereupon brought his action and had judgment. But the judgment was arrested because it did not appear in the declaration that notice was given to the defendant. And in that case this difference was made, that if it had been agreed that he should pay as much as J. S. a particular person paid, and he be named indifferently between them, then the defendant at his peril shall inquire of him, and the plaintiff is not bound to give notice; but when the person is altogether uncertain, and would only be known to the plaintiff when the sale was made, and would not be known to the defendant at all, then, to entitle himself to this action, the plaintiff ought to give notice. To the same effect is *Powde* v. *Hagger*, Cro. Jac. 492; *Bradley* v. *Toder*, Cro. Jac. 228.

Now let us examine the case before us. The writ recites that portion of the statute which provides that any insane person committed to the asylum by the judge of probate, &c., shall be supported by the county from which he was committed, and that the money thus paid may be recovered of any county, town, or person, chargeable with his support. Rev. Stat., ch. 9, sec. 15; Comp. Stat. 57 and 58. Section 11 of the same chapter provides " that if any insane person is in such condition as to render it dangerous that he should be at large, the judge of probate, upon petition by any person, and such notice to the selectmen of the town in which such insane person is, or to his guardian or any other person, as the judge may order, which petition may be filed, notice issued and a hearing had in vacation or otherwise, may commit such insane person to the asylum." Now taking the statute and the declaration together, they fail to show any notice whatever to the defendant. Nor is there any thing that amounts to an averment of notice. They fail to aver or to bring home to the defendant any knowledge of any of the proceedings, or of the fact that Melvin was ever committed to the asylum, or that the county had ever been made liable to pay or had ever paid any thing on his account until suit brought. The complaint to the judge of probate may be made by any one. It would be most likely to be made, in such a case, by some one where the pauper resided. The judge may give notice to the selectmen of the town where the pauper resides, or to any one else he may think proper. But the case finds that the pauper, in this case, resided in Litchfield, so that if notice was given to the selectmen, this defendant might know nothing of it, and the pauper having been committed by order of the judge of probate, the plaintiff was liable for his support in the first instance to the asylum, and the bills for his support would be made out directly against the county, and the defendant might receive no notice; so that from all that is disclosed in the case, and from all that the statute requires to be done in such a case, the plaintiff would know all about the proceedings, and the defendant might know nothing. We think the plaintiff, after having stated the proceedings in the probate court, the support of the pauper at the asylum, and the payment of the bills by the county, and the other facts in the case in his declaration,

should have added this averment, "of all which the defendant had due notice, whereby said defendant became liable, and in consideration thereof promised," &c. *Clough* v. *Hoffman*, 5 Wend. 500; *Glover* v. *Tuck*, 24 Wend. 153; *Lent* v. *Paddleford*, 10 Mass. 238; *Farwell* v. *Smith*, 12 Pick. 87; *Hatch* v. *White*, 22 Pick. 518; *Brown* v. *Smith*, 1 N. H. 36; *Cooke* v. *Ludlow*, 5 Bos. & Pul. 117; *Bountree* v. *Kendrick*, 1 B. Mon. 189; *Rix* v. *Holland*, 5 T. R. 624; *Smith* v. *Goffe*, Salk. 475; S. C., 2 Ld. Raym. 1126; 1 Saund. Pl. & Ev. 132.

To support such an allegation in the writ and as tending to prove notice, any notice given by the judge of probate to the defendant of the proceedings before him, or any notice by the authorities of Litchfield, or in the absence of these, a demand by the plaintiff after payment, might be competent. But with a proper allegation of notice, no demand need be averred, because the statute does not make the money payable on demand or on request, but in a case like this we think the declaration should aver, and the proof should show notice to the defendant before suit brought. The plaintiff may desire to make this amendment for his own safety, as many of the cases hold that a defect of this kind would be good ground for arresting the judgment. But inasmuch as the declaration is as good as the demurrer, we think the plaintiff should have leave to amend, on motion at the trial term, without costs.