The action was submitted without argument, and the opinion of the Court was delivered by
Parsons, C. J.
This action, if it can be maintained, must rest on the ninth section of the statute of 1793, c. 59. By this section, the overseers of the poor in every town are directed to provide for the immediate relief of any pauper found therein, but having his settlement in another townj which shall be liable to reimburse all the expenses incurred within three months next before notice is given, and also the expenses of the removal of such pauper, or of his burial in case of his death.
Assumpsit lies on a promise to discharge a legal obligation created by statute. But in the declaration all the facts must be averred, which are necessary to constitute this legal obligation.
To charge the defendants in this action, it is not enough to allege, that the object of the relief was a pauper having his settlement in Freeport, and tho the expenses were necessarily incurred in his re *253 lief; but also that the defendants had notice of the distressed situation of the pauper within three months from the time when the expenditures were made. For such notice is a fact * necessary with others to constitute the legal obligation [ * 327 ] which will support a promise; the existence of the legal obligation being the consideration of the promise (1).
From the case reserved it appears, that all the expenses of the plaintiffs for the maintenance of the pauper, were incurred before the tenth day of November, 1804, and that no notice was given to the defendants until after the expiration of three months from that time. The defendants are therefore under no legal obligation to reimburse any part of those expenses, and consequently there is no consideration for the promise alleged. The evidence admits that there was no express promise, and there are no facts from which an implied promise can be inferred.
How far the want of notice of relief within three months is a good objection to the recovery of the subsequent expenses of removal, or of the funeral in case of the pauper’s death, may deserve further consideration. Notice is to be given of the distressed state of the pauper to the town in which he is settled, that he may be removed and maintained by the inhabitants, if they see cause, rather than submit to pay the expenses of relief advanced by the overseers of any other town; and the town relieving ought to have a reasonable time to learn the place of the pauper’s settlement. This time is limited by the statute to three months. But whether this limitation extends to the expenses of removal, or of the funeral, may be doubted, not only from the nature of the expenses, by which the town cannot suffer any inconvenience from the want of notice, but also from the words of the statute, which provides for the repayment of the expenses incurred for relief, until removal on three months’ notice being given, as also of the removal or funeral of the pauper.
* But it is not necessary now to decide this point, as [ * 328 ] there appears to be no demand in the declaration for any expenses for the removal or for the funeral of the pauper.
According to the agreement of the parties, the verdict in this case must be set aside, and the plaintiffs become nonsuit.

 Salem, vs. Andover, 3 Mass. R. 436.