## CHASE *v.* JEFTS.

In assumpsit brought to recover one half |of fence-viewers' fees paid by the plaintiff, a declaration containing common counts may be amended by the addition of a special count for the same cause of action, stating the facts necessary to entitle the plaintiff to recover upon the statute. Gen. St., *c.* 128, *s.* 15.

The statute (Laws of 1862, *c.* 2614; Gen. St., *c.* 128, *s.* 3) allowing a division of a partition fence to be established by twenty years' usage and acquiescence, does not operate retrospectively. The prescription cannot begin to run before the passage of the act.

Assumpsit, on the common counts. The action was brought before a justice of the peace to recover one half of fence-viewers' fees paid by the plaintiff, and was carried to the circuit court by appeal. The court allowed the declaration to be amended by the addition of a special count averring the facts that showed the plaintiff's right to recover upon the statute, and the defendant excepted.

The defendant filed a brief statement denying the authority of the fence-viewers to divide the fence, on the ground that a division of it had been established, under the act of 1862, by usage and acquiescence, for twenty years before the commencement of the plaintiff's proceedings for a division. The court rejected the brief statement, and the defendant excepted.

*Burke*, for the defendant.

*Cushing*, for the plaintiff.

Sawyer, J. The amendment was necessary—*Gould* v. *Kelley*, 16 N. H. 551; *Wright* v. *Cobleigh*, 21 N. H. 339; *Smith* v. *Woodman*, 28 N. H. 520; *Henniker* v. *C. V. R. R.*, 29 N. H. 146; *Towle* v. *Meserve*, 38 N. H. 9, 11; *Stone* v. *Aldrich*, 43 N. H. 52, 54; *Hillsborough Co.* v. *Londonderry*, 43 N. H. 451; *Bath* v. *Freeport*, 5 Mass. 325, 326—and was properly allowed. *Burnham* v. *Spooner*, 10 N. H. 165; *Stevenson* v. *Mudgett*, 10 N. H. 338; *Perley* v. *Brown*, 12 N. H. 494; *G. Bank* v. *White*, 17 N. H. 389; *Downer* v. *Shaw*, 23 N. H. 125; *Davis* v. *Hill*, 41 N. H. 329; *Hurd* v. *Chesley*, 55 N. H. 21; *Cahill* v. *Terrio*, 55 N. H. 571; *Gilman* v. *Cate*, 56 N. H. 160. The form of action was not changed. The court, in allowing the amendment, must have found that, as a matter of fact, the identity of the cause of action was preserved. *Farr* v. *Wheeler*, 20 N. H. 569; *Baker* v. *Davis*, 22 N. H. 27, 34, 35; *Parker* v. *Gregg*, 23 N. H. 416, 426; *Bassett* v. *S. M. Co.*, 28 N. H. 438, 452; *Avery* v. *Bowman*, 39 N. H. 393, 395; *Wiggin* v. *Veasey*, 43 N. H. 313, 314; *Mann* v. *Brewer*, 7 Allen 202.

In 1855, it was decided that, under the statutes then in force, a prescriptive division of a partition fence would not prevent a division being made by fence-viewers.   *Glidden* v. *Towle*, 31 N. H. 147, 168. The act of 1862 (Laws, 1862, *c.* 2614 ; Gen. St., *c.* 128, *s.* 3) allowed a division to be established by usage and acquiescence for twenty years.   This act did not operate retrospectively.   The twenty years use and acquiescence asserted under it by the defendant could not have begun before 1862.   The prescription claimed by him cannot be established.   The brief statement set forth no defence, and was properly rejected.   *Rich* v. *Flanders*, 39 N. H. 304, 311, 341, 366, 367 ; *Colony* v. *Dublin*, 32 N. H. 432, 434 ; *B. & M. R. R.* v. *Cilley*, 44 N. H. 578 ; *Andover* v. *Merrimack Co.*, 46 N. H. 180 ; *Atherton* v. *Mc Questen*, 46 N. H. 205, 211.

<em>Exceptions overruled.</em>

STANLEY, J., did not sit.