SNOW v. MAST et al.

(Circuit Court, S. D. Ohio, W. D.   January 12, 1895.)

No. 4,751.

1. COPYRIGHT—NOTICE INSCRIBED ON PHOTOGRAPH—ABBREVIATION.
   In a notice of copyright inscribed on a photograph under Rev. St. § 4962, the abbreviation " '94," representing the year, is a substantial compliance with the statute.

2. SAME—INFRINGEMENT—JOINDER OF CAUSES OF ACTION.
   Joining several causes of action for penalties under Rev. St. § 4965, for infringement of separate copyrights, is not improper, either at common law or under the Ohio Code of Civil Procedure, which allows the joinder of different causes of action for penalties under a state statute.

This was an action by Blanche L. Snow against Phineas P. Mast, J. S. Crowell, and T. J. Kirkpatrick, partners as Mast, Crowell & Kirkpatrick, for penalties under Rev. St. § 4965, for infringements of copyrights.   Defendants demurred to plaintiff's petition.

The petition alleged, as three separate causes of action, infringements of three different copyrights of photographs secured by plaintiff.   The notices of copyright alleged in the petition to have been inscribed on the copies of said photographs were in the following form: "Copyright '94.   By B. L. Snow."   Defendants demurred, on the grounds that the petition contained several pretended causes of action improperly joined, and that neither the petition nor any cause of action thereof stated facts sufficient to constitute a cause of action against defendants.   Plaintiff had previously filed a bill in equity, founded on the infringement by defendants of the same copyrights, for an injunction and an account, and also for the surrender and delivery of copies of the alleged infringing photographs on hand and the plates from which they were made, and for the recovery of the penalties imposed for such infringements.   On the hearing upon a demurrer to the bill, the demurrer was sustained, on the ground that plaintiff had an adequate remedy at law, by action.   63 Fed. 623.   Thereupon plaintiff filed a petition for a rehearing on the demurrer, and for leave to amend the bill, and thereafter brought this action.

Wood & Boyd, for plaintiff.
Keifer & Keifer, for defendants.

SAGE, District Judge.   The demurrer will be overruled.   The point made for the defendants that the notices of the copyrights alleged to have been inscribed on the photographs do not comply with the requirements of the statute was urged in support of the demurrer in the suit in equity and overruled.   The object of the statute is to give notice of the copyright to the public, and it would be too narrow a construction to hold that the abbreviation " '94" is insufficient.   A substantial compliance is all that is necessary.   In Werckmeister v. Manufacturing Co., 63 Fed. 445, 452, the court said that there was enough in the notice to give any one who was looking for the truth, and desiring to avoid infringement, the thread which would lead him easily to the actual condition of the copyright, and held that that was sufficient.

There is no misjoinder.   The causes of action in the petition are for injuries to property.   Even at common law they might be joined. "Where the same form of action may be adopted for several distinct

injuries, the plaintiff may in general proceed for all in one action." Chit. Pl. 202... "Several counts may be joined in one action on a penal statute for different penalties of a similar nature." Id. 200. The petition is substantially in accordance with the Ohio Code of Civil Procedure. If the question be considered under the Code, there is no misjoinder; for it was held in Railroad Co. v. Cook, 37 Ohio St. 265, 272, that the statute providing for the joinder of actions should be construed liberally for the purpose of preventing multiplicity, and that different causes of action for penalties under a state statute may be united in the same petition. In addition, it may be said that, under section 921 of the Revised Statutes of the United States, if a separate action had been brought for each of the causes set up in the petition, they might be tried together. It would hardly be worth while, therefore, to compel the pleader to separate them, and to bring three actions.