CASE 48—INDICTMENT—NOVEMBER 30.

# Louisville & Nashville Railroad Co. v. Commonwealth.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. RAILROADS—TICKET OFFICES—STATUTORY CONSTRUCTION.— Under the provision of section 784 of the Kentucky Statutes, that railroad companies "shall keep their ticket offices open for the sale of tickets at least thirty minutes immediately preceding the departure of all passenger trains from every regular passenger depot from which such trains start, or at which they regularly stop, and shall open the waiting room for passengers at the same time," the company is not required to so open the ticket office and waiting rooms for night trains at a station where it does not maintain a night officer; passengers boarding the train not being required to pay more on the trains than ticket rates.

2. PRACTICE.—Under the provision of section 11 of the Criminal Code the proceedings in penal actions for the recovery of fines are regulated by the Civil Code; and under the provision of section 113 of the Civil Code (sub-section 3), if there be more than one cause of action each must be distinctly stated in a separate numbered paragraph; and as the appellee in this case sought to recover the penalty in one paragraph for a number of separate and distinct offenses, it was properly required that they should be set up in separate paragraphs.

3. SAME.—Under the provision of section 83 of the Civil Code, actions for the recovery of penalties for the violation of penal statutes can not be united.

4. JURISDICTION.—Under the provisions of section 1093 of the Kentucky Statutes, justices of the peace have jurisdiction, exclusive of circuit courts, in all penal actions, the punishment of which is limited to a fine of not exceeding $20; and as the offenses embraced in this suit could not be united, and the punishment of each is limited to a fine of not exceeding $20, the circuit court had no jurisdiction thereof.

J. W. ALCORN, R. D. HILL AND WALKER D. HINES FOR APPELLANT.

1. With respect to those through night trains which pass through Williamsburg in the dead hours of night when the depot build-

L. & N. R. R. Co. v. Commonwealth.

ing was never open or occupied, there was no regular passenger depot at that point within a fair and reasonable construction of the statute. Sec. 784 of the Ky. Stat.; Terre Haute & I. R. R. Co. v. State, 41 N. E. Rep. (Ind.), 952; Brady v. The State, 15 Lea. (Tenn.), 628.

2. The Criminal Code makes no provision for the joinder of separate offenses in the same penal action, and it is provided by section 11 thereof that the proceedings in such actions shall be regulated by the Civil Code, and the Civil Code does not provide for such joinder. See sec. 83.

3. The causes of action having been improperly joined and the penalty in each not exceeding $20, the circuit court had no jurisdiction under the express provisions of section 1093 of the Kentucky Statutes.

H. W. BRUCE OF COUNSEL ON SAME SIDE.

W. S. TAYLOR AND C. W. LESTER FOR APPELLEE.

1. The lower court erroneously required the appellee to paragraph its petition and set up separate each one of the 400 violations of the law. L. & N. Railroad Co. v. Commonwealth, 92 Ky., 114.

2. The various causes of action set out in the petition were properly joined just as a plaintiff would have the right to join various causes of action in one suit upon various notes executed to him. Barkwell v. Huwell, 2d Met. 269.

3. The obligation to pay fines, forfeitures and penalties for violations of penal statutes are implied contracts upon the part of those who violate them and may be united in one action under the provisions of section 83 of the Civil Code. Vol. 2, Blackstone, Cooley's Edition, side pages 158, 159 and 160.

4. To say that the appellant is not guilty in this case because it has not seen fit to use its depot at Williamsburg and sell tickets for the night trains, is to say that it alone is the judge of what is sufficient train service, or what are sufficient accommodations to be furnished by it to the public, and is in direct conflict with not only the letter but the spirit of the statute.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was brought by the Commonwealth against the appellant corporation to recover the penalty for having failed, for a period of two hundred days, to keep its ticket office and waiting room at Williamsburg, Ky., open for passengers at its depot for thirty minutes immediately pre-

ceding the schedule time of departure of its regular passenger trains going south, which regularly stopped at the depot at the hour of 4 p. m., each day, and of its regular passenger train going north, which regularly stopped there between the hours of 11 p. m. and 12 midnight, of each day.

In the court below appellee recovered a verdict for $4,000, upon which judgment was rendered. A number of errors are complained of. Defendant moved the court to require the plaintiff to elect which one of the four hundred alleged causes of action set out in the petition it would prosecute, which motion was overruled by the court. A demurrer to the petition was then filed, which was also overruled. Defendant then moved the court to require the plaintiff to paragraph its petition, which motion was sustained; and the plaintiff filed an amended petition, containing four hundred separate and distinct paragraphs, in each of which is alleged failure and refusal to keep defendant's ticket office and passenger room in Williamsburg open for thirty minutes preceding the arrival or departure of one or the other of the night trains, two offenses being alleged for each night. Defendant moved the court to require the plaintiff to elect which one of the paragraphs it would prosecute, which, being overruled, defendant filed answer, which in effect admitted that it had not opened its ticket office or waiting room for passengers for thirty minutes preceding the arrival or departure of either of the night passenger trains, denying in effect that it had any passenger depot at Williamsburg for the through night trains in question.

The testimony shows that defendant had never kept its

ticket office or waiting room for passengers open at this depot during the night.

The court instructed the jury to find for the plaintiff not less than ten dollars nor more than twenty dollars for each time which they believe from the evidence the defendant, between the 10th of September, 1894, and the 28th day of March, 1895, failed to keep its ticket office open at Williamsburg for the sale of tickets for at least thirty minutes preceding the schedule time of the departure of the night passenger trains from its depot in Williamsburg, and failed to keep open and comfortably warm in cold weather its depot at that point for at least thirty minutes immediately preceding the schedule time of the departure of its night passenger trains.

The portion of section 784 of the Kentucky Statutes, upon which this action is based, reads as follows: "All companies shall keep their ticket offices open for the sale of tickets at least thirty minutes immediately preceding the departure of all passenger trains from every regular passenger depot from which such trains start, or at which they regularly stop; and shall open the waiting room for passengers at the same time as the ticket office, and keep it open and comfortably warm in cold weather until the train departs."

The statute further provides that any railroad company refusing or failing to comply with the provisions of this statute shall be fined not less than $10 nor more than $20 for each offense, to be collected in any court of competent jurisdiction.

Two questions arise on this appeal: First, is the depot building at Williamsburg a regular passenger depot for night

trains within the meaning of this statute, and does it require
a ticket office at that point to be kept open for the sale of
tickets for these two night trains? And, second, can circuit
courts acquire jurisdiction by the joinder of separate offenses,
the penalty for each separate offense being for a less amount
than is necessary to give jurisdiction?

In section 203 of the original corporation act (Acts of 1891,
1892, 1893, page 704) the only requirement as to keeping
open the waiting room for passengers was where a regular
passenger train was delayed for thirty minutes in its arrival
at a station which was a telegraph office, in which event
the company was required to keep the waiting room open
for passengers until the train arrived; but in the amend-
ment to this section (found in the acts of 1894, page 57, and
which is the statute upon which this suit was instituted)
the waiting room was required to be kept open in all cases
where the ticket offices were kept open for the sale of tickets,
and for the same length of time. If the statute required the
ticket office to be kept open, then the waiting room had to be
kept open also, but not otherwise. The amendment con-
sists in the addition of the words "schedule time of" being
inserted before the words "departure of all passenger trains,"
and the word "regularly" before the word "stop," making it
evident that the Legislature did not intend in the amendment
to enlarge the requirement in any way beyond the require-
ment as it existed in the original act, but intended to re-
strict and modify the meaning of the requirement, as the
statute itself designates the purpose of the requirement when
it says that "all companies shall keep their ticket offices
open for the sale of tickets."

It will assist us in the determination of the legal question involved to consider for what purpose and for whose benefit tickets are sold for railway transportation, and why the public are specially interested in having ample opportunity to purchase them before the departure of trains from regular passenger depots.   It is evident that the purpose of requiring passengers to pay their fare to ticket agents at regular depots, instead of conductors on the trains, is to protect the railroad company from its own employes, as the system affords a simple and effective check upon the carelessness or dishonesty of both classes of officers, and the reasonableness of this requirement on the part of the railroad is manifest; and, "to render the system effective and induce passengers to buy tickets, a higher fare is imposed on them when they neglect to do so and pay on the trains."   In passing upon the legality and propriety of this regulation this court said, in the case of Wilsey v. L. & N. R. R. Co., 83 Ky., 511: "A higher rate may be collected of passengers who pay their fare upon the trains than those who purchase tickets before entering the cars.   This discrimination is allowed because it tends to convenience in the prosecution of the business and to the proper accountability of the company's agents; but it must be general and uniform as to the purpose and be carried out in good faith by the railroad corporation, accompanied with a reasonable opportunity for those who desire to do so to purchase tickets before entering the cars, and if they do not avail themselves of the privilege they are at fault and must pay conductors' fare.   Such a rule affords a proper check upon the accounting officers of the railroad company and protects it in a reasonable man-

ner against possible fraud and dishonesty." And in con-
sequence of this requirement that passengers should buy
tickets the Legislature passed the statute in question, by
which it was made the duty of the railroad companies to
keep the ticket offices open for a sufficient length of time
immediately preceding the schedule time of departure of all
passenger trains, to enable the traveling public to buy their
tickets conveniently, and as this is the manifest purpose of
the statute the requirement does not apply where the railroad
regularly fails to maintain a ticket office for a particular
train, as in such instance it is authorized to collect on the
trains from passengers only the ticket rate of fare, precisely
as at points where there are neither depots nor agents, and
as the passenger has not been subjected to expense by not
having had the opportunity to buy a ticket.

By an act of the Tennessee Legislature it was made the
duty "of every person who shall sell or be authorized to sell
tickets to passengers to travel on any railroad in this State
at any station or depot within the State to open his office
for the sale of tickets at least one hour before the time of
the departure of each passenger train from the depot, and
keep the office open during the said space of one hour and un-
til the departure of each passenger train, and be ready during
said time to sell tickets to pasengers as they may during said
hour apply for them."

One Brady was the sole agent of the company at a way
station on the L. & N. R. R., being ticket agent, freight agent
and telegraph operator, and it was his duty to sell tickets
for the various trains that stopped at that station; but he
was not required by the rules of the company to open the

ticket office for the early morning train which passed the station before 6 o'clock, and the railroad company, in consequence thereof, instructed the conductor running that train not to charge passengers any other rate than the regular ticket rate.  He failed to open his office for the sale of tickets before the time of the departure of the passenger train passing his station at 6 o'clock a. m., and this was in effect a violation of the letter of the statute; but the court held that the law had not been violated because it was held the company might do away with its ticket office and its depot building and require passengers to pay their fare on the cars, holding that the company might do for one train—not by mere caprice, but for reasons connected with the economic administration of its business—what it might do for all the trains, giving the public proper and reasonable notice; that the statute was to compel ticket sellers to perform the duties imposed upon them by their companies at the most convenient time for the passengers, and was not designed to compel them to do that from which they were expressly exempted by the rules of the company, without any detriment to the company and without any notice to them; that the defendant was not in fact a ticket seller for the particular train, tickets for that train having been dispensed with by the company; that the intention of the act was to compel the performance of the duty only as to those trains as to which tickets were required to be purchased by the company, and that the reason and intention of the law, where obvious, would always prevail over the literal sense of the word.  (Brady v. State, 15 Lea, 628.)

The effect of the decision in that case was that the case

did not come within the intention of the statute, and, therefore, the statute did not apply.

In the case of the Terre Haute & Indianapolis R. R. Co. v. State, 13 Moon, 530, the court decided a question very similar to that raised here.    The Indiana statute provides that "every corporation, company or person operating a railroad within this State shall, immediately after the taking effect of this act, cause to be placed in a conspicuous place in each passenger depot of such company, located at any station in the State at which there is a telegraph office, a black board upon which such company, or person, shall cause to be written at least twenty minutes before the schedule time for the arrival of each passenger train stopping upon such route at such station the fact whether such train is on the schedule time or not, and if late, how late." The T. H. & I. R. R. had a telegraph office at a particular station and did not maintain it at night, and omitted to post the information required by the statute for a train stopping during the night, and the court, in construing the statute, said: "The statute was designed to give information to those interested in the arrival of the trains so as to relieve the suspense so frequently occasioned to travelers and others thus interested by unexplained delay, and, this being the purpose of the law, it would seem that the solution of the question before us ought not to be a very difficult task.   It is obvious that it was not the intention of the law makers to entail upon railroad companies any additional burdens with regard to the establishment and maintenance of telegraph offices, and such companies are not required by the statute under consideration to establish any telegraph office at any

station where there was none prior to the enactment of the law, nor to maintain one before established if unnecessary to the transaction of their business.  *  *  *  We take it that if a railroad company chooses not to maintain a telegraph office at any one of its stations where one is now carried on, it may dispense with same altogether, and there is nothing in the statute to keep it from doing so, and if it is within the power of the company to dispense entirely with the telegraph office at any station (as we think it is), does it not follow that the company may dispense entirely with the maintenance or operation of such telegraph office at regular periods during any portion of a day of twenty-four hours when it deems it proper to do so?" the court in effect holding that because "it was evidently not the purpose of the Legislature to impose additional burdens in the maintenance of telegraph offices, it was only during the intervals that the telegraph office was regularly maintained by the company for its own purpose that it was a telegraph office within the meaning of the statute."

Our statute requires the ticket office to be open for the sale of tickets thirty minutes before the departure of passenger trains from a regular passenger depot. This means a depot regularly maintained and used by the company as a passenger depot at the time that the train regularly stops thee, and it is only when the railroad company regularly uses the passenger depot as such that the statute applies. It was not intended and does not have the effect of requiring in any and all cases the opening of ticket offices at depots during intervals when they are not regularly used as such.

It is a rule that penal statutes are given a strict construc-

tion in favor of persons against whom they operate, and this rule is not violated by adopting that sense which best harmonizes with the object and intent of the Legislature when the entire text of a statute is considered as a whole (State v. Ind. R. R. Co., 133 Ind., 69). The statute in question is simply a reasonable requirement as to the regulation of the regular existing agencies of the company and such similar agencies as may hereafter come into existence, and was not intended to impose upon railroad companies of this State the burden of creating a new and distinct lot of facilities regardless of the necessity or the cost thereof. In this case appellant had never maintained a night office in Williamsburg for the sale of tickets; there is no pretense that it ever charged passengers getting on these night trains more than ticket rates, and we do not think appellant was required to open its depot for the trains in question.

The second question raised by the appeal is one of practice. As our conclusions on the first question disposes of the appeal, it is not absolutely necessary that the second question should be passed upon, but in view of the importance of the question and the desirability that it should be finally determined, we will consider it.

The Criminal Code makes no provision for the joinder of separate offenses in the same penal action in suits for the recovery of fines or forfeitures, and section 11 of the Criminal Code provides that proceedings in actions of this character are regulated by the Code of Practice in civil cases. Subsection 3 of section 113 of the Civil Code provides that if there be more than one cause of action, each must be distinctly stated in

a separate numbered paragraph.   It is made the duty of the court to enforce this provision, and we think the court properly required appellee to paragraph its petition, as there is no question that appellee sought in this action to recover the penalty in one paragraph for four hundred separate and distinct offenses, each of which could be, and was, properly required to be set up in a separate paragraph, and for recovery under each the Commonwealth could have maintained its action in any court of competent jurisdiction.

Section 83 of the Civil Code sets out the causes of action which may be united, but actions for the recovery of penalties for the violations of penal statutes are not included in the list.   It, therefore, follows that they can not be united in one suit.

Section 1093 of the Kentucky Statutes provides that justices shall have jurisdiction, exclusive of circuit courts, in all penal actions the punishment of which is limited to a fine of not exceeding $20, and as the offenses embraced in this suit are all cases in which the punishment is limited to a fine of not exceeding $20 the circuit court had no jurisdiction thereof, and the motion of defendant to require the plaintiff to elect which of the causes of action it would prosecute should have been sustained.

Counsel for the State, in support of their contention that the offenses could be united in one action so as to give the circuit court jurisdiction, rely upon the case of the L. & N. R. R. Co. v. Commonwealth, 92 Ky., 117.   It is true that in that case the court sustained a petition in which it was alleged that the railroad company had employed thirty persons, whose names were unknown, to work for it on Sunday, and

it was thus, as it is contended, allowing separate offenses to be recovered for in one action. No motion was made in that case in the lower court to require the petition to be paragraphed, and, not having been objected to there, of course the question could not have been raised in this court. It is also true that the petition was demurred to, but the fact that distinct offenses are not set out in separate paragraphs is not a cause of demurrer, but of motion to paragraph (Williams v. Langford, 15 B. M., 566, and Milligan v. Milligan, 16 Ky. Law Rep., 609); and an objection to a pleading because not properly paragraphed is waived by answering. (Noel v. Hudson 13 B. M., 205.)

But it seems to us that the facts of that case are so entirely unlike those of this that it affords no satisfactory guide. There the act complained of was the working of thirty men on Sunday by the same party at the same time and under the same circumstances. It was in fact, so far as defendant was concerned, but one act, and whilst the working of a single man on Sunday would have sustained the action, plaintiff had the right to allege all of them in the same paragraph, and if it failed to prove that as many as thirty men had worked, and yet proved enough to show a good cause of action, it would have been entitled to recover under the count (Newman on Pleading, 410, and Brewer v. Temple, 15 Howell, 286), whilst here the acts complained of were entirely distinct and independent of each other.

It is not the policy of the law, or was it the intention of the Legislature, to oust magistrates' courts of their exclusive jurisdiction in cases which the fine is limited to not exceeding $20 by allowing a joinder of numberless separate of-

fenses in one action. Public interest requires that violators of penal statutes of this character should be proceeded against as soon as the violations are committed in courts having jurisdiction thereof.

We are, therefore, of the opinion that the facts relied on here make out a good defense, and the judgment of the lower court must be reversed and judgment rendered herein for the appellant dismissing petition.