## 6820

### GARFUNKLE v. BANK OF CHARLESTON.

USURY—INTEREST.—A NATIONAL BANK is not liable in an action for receiving a greater rate of interest than permitted by statute, unless the interest was "knowingly" received and the action brought within two years. Nor for such usurious interest will an action in equity for money had and received lie.

Before GAGE, J., Charleston, November, 1907. Affirmed.

Action by I. W. Banov and J. B. Garfunkle, copartners under the firm name of J. B. Garfunkle, against Bank of Charleston, National Banking Association. From order sustaining demurrer, plaintiff appeals.

*Messrs Legare, Holman & Baker,* for appellant, cite: 9 L. R. A., 292; 51 S. C., 426.

*Messrs. Smythe, Lee & Frost,* contra, cite: *Can not recover voluntary payment:* 134 U. S., 547; 18 Ency., 220; 2 Rich. L., 319; 15 Rich. L., 284; 2 Speer, 83; 1 Rich. Eq., 414; 2 Rich. Eq., 63; 48 S. C., 66; 45 S. C., 364; 132 U. S., 141; 59 S. C., 81; 60 S. C., 476; 22 Ency., 516, 609, 610, 611; 52 Mich., 67; 11 Ohio, 498; 53 N. W. R., 1130; 52 Minn., 67; 22 Minn., 341; 47 Am. Dig. Us., Secs. 241-4.

*No common law action for money had and received:* 8
Cyc., 376; 1 Cyc., 700-13, 706-7-8-10; 15 S. C., 548; 91
U. S., 29; 1 Mass., 553; 7 Mass., 17; 58 S. C., 240; 62
S. C., 166; 153 U. U., 318. *U. S. Statute exclusive:* U.
S. Rev. Stat., 5198; 22 Ency. P. & P., 482, 491; Pratt's
Dig. Nat. Bk., 57; 91 U. S., 29; 98 U. S., 555; 104 U. S.,
52; 26 Ohio St., 75; 132 U. S., 144; 115 Mass., 539, 547;
56 Vt., 582; 153 U. S., 318; 58 S. C., 244; 5 Cyc., 592;
191 U. S., 456; 183 U. S., 132; 22 S. C., 185. *Usury*
*claim is statutory penalty and should be strictly construed:*
13 Cyc., 52-4-5, 1074-6; 29 Cyc., 456; 36 S. E. R., 586.
*Statute should be referred to in complaint:* 16 Ency. P. &
P., 270-1-2-5; 31 F. R., 341; 36 S. E., 586. *Interest*
*should be alleged to have been "knowingly" received:* 22
Ency. P. & P., 493, 495; 91 U. S., 29; 43 F. R., 231; 91
Ky., 142; 45 S. C., 364. *Action is barred in two years:* 16
Ency. P. & P., 274, 275; 31 F. R., 340; Pratt's Dig., 57;
91 U. S., 32; 80 F. R., 254. *Demurrer is proper pro-*
*cedure:* 25 Cyc., 1396; 110 F. R., 996; 119 U. S., 214;
46 S. E., 294.

March 24, 1908. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE. The plaintiffs brought this
action against the defendant to recover seventeen hundred
dollars, on the 24th day of April, 1907, because of a bonus
over and above the legal rate of interest, of two hundred
dollars on a loan of one thousand dollars, five hundred dol-
lars on a loan of two thousand dollars, and one thousand
dollars on a loan of six thousand dollars, aggregating seven-
teen hundred dollars. These three loans of money were
made in the year 1903.

To the complaint the defendant demurred as follows ·
"Please take notice that the defendant demurs to the said
complaint, and to each and every cause of action therein.
And on the call for the trial of this case, or as soon there-
after as counsel can be heard, will move the Court to dismiss

the same, as not stating facts sufficient to constitute a cause of action, in that:

(a) "The defendant being a National Banking Association, the recovery in this case must be governed by the laws of the United States, and would be defeated thereby; because the complaint fails to allege: (1) That the alleged unlawful payments 'were knowingly' done and received. (2) That the same were within two years before the commencement of this action.

(b) "(1) That the complaint alleges a voluntary payment on the part of the plaintiffs. (2) That it does not allege any force or duress compelling such payment. (3) That it states no facts of fraud, concealment or other similar ground or any fact or reason whatsoever why such voluntary payments and settlements should be set aside and the money claimed refunded."

The case came on to be heard before his Honor, George W. Gage, at the fall term of the Court of 1907 for Charleston County.

The Circuit Judge sustained the demurrer and dismissed the complaint, and the plaintiffs have appealed to this Court.

In the exceptions presented by the plaintiffs, it is submitted that his Honor erred in holding that the complaint did not state facts sufficient to constitute a cause of action, and in dismissing the complaint that the bonus was in excess of the legal rate of interest for the use of the three principal sums loaned by the defendant to the plaintiffs, when he should have held that the plaintiffs were entitled to a recovery in the sum of seventeen hundred dollars, which was the aggregate of the bonus paid.

The grounds of appeal were five in number, but are comprehended in the above statement.

The appellants contend that suit might have been brought under the act of Congress which provides a penalty of double of all interest received when the same is in excess of the legal rate allowed by this State, provided that the action was begun within two years, also admitting that the remedy pre-

scribed by Congress is exclusive. Or it might have a suit under what is known as the equity rule for money had and received, and in this action you can only recover the amount received as interest over and above the legal rate; this is a common law remedy and had no reference to the statute on the subject of usury.

After a careful review of the law relating to these subjects, we are constrained to hold that the Circuit Judge committed no error as here complained of.

It is admitted that usury in our State is the result of statute; there is no common law rule regulating the amount of interest to be recovered for the use of money. It is expressly required that any excessive interest can be sued for within two years after the loan of money. In the case at bar it is apparent on the face of the complaint itself that four years have elapsed since the date of the loan. Revised Stat. U. S., sec. 5198. Besides the complaint does not state the usurious interest was knowingly received. Pratt's Digest of Nat. Bank Laws, Ed. 1907, 111; *Bank* v. *Dearing,* 91 U. S., 29; *Barnett* v. *Bank,* 98 U. S., 555.

The appeal is dimissed, and the judgment of the Circuit Court is affirmed.