WASHINGTON-ALASKA BANK v. STEWART et al.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,818.

**1.** Courts (§ 433*)—Joinder of Actions—Implied Contract—Repayment of Usury—Statutes.

Causes of action to recover usury paid at different times and on different loans, being regarded as actions to enforce an implied contract to repay the amount unlawfully collected, were properly joined under the Alaska Code, providing that plaintiff may unite several causes of action on contract, express or implied, in the same complaint.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 433.*]

**2.** Usury (§ 133*)—Recovery—Assignee for Benefit of Creditors—Joinder.

Where a debtor, after having paid usury, made an assignment for the benefit of creditors, his assignee was properly joined as a party plaintiff in an action to recover usury.

[Ed. Note.—For other cases, see Usury, Dec. Dig. § 133.*]

**3.** Pleading (§ 359*)—Answer—Sham.

Plaintiff sued defendant bank to recover usury. Defendant answered alleging that before the commencement of the action plaintiff had transferred the cause of action to S., who was the real party in interest; such answer being verified by the same officer who, after plaintiff had obtained leave to join S., filed a new answer alleging under oath that neither plaintiff nor S. was the real party in interest, but that S. was the agent and employé of a grocery company which was the real party in interest in fact, without making any explanation of such inconsistent averments. *Held*, that such amended answer was properly stricken as sham, since, if true, it showed that S. was trustee of an express trust and as such authorized to sue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1120–1128; Dec. Dig. § 359.*]

**4.** Usury (§ 137*)—Recovery—Statutes—Scienter.

Civ. Code Alaska, § 256, providing that, if usurious interest is received or collected, the person paying the same or his legal representative may recover from the person receiving double the amount of the interest so received or collected, does not require that the usury be knowingly received in order to justify a recovery thereunder.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 420–423; Dec. Dig. § 137.*]

**5.** Usury (§ 111*)—Action to Recover—Complaint—Scienter.

A complaint to recover usury, alleging that the charging, collecting, and receiving of the interest was done by defendant with full knowledge that the same was illegal and wrongful, sufficiently charged that the usury was knowingly collected.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 272–306; Dec. Dig. § 111.*]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska.

Action by C. J. Stewart and another against the Washington-Alaska Bank to recover usury. Judgment for plaintiffs, and defendant brings error. Affirmed.

The defendant in error C. J. Stewart brought an action against the plaintiff in error, a banking corporation, setting forth six separate causes of action, in each of which he alleged that at different dates specified the bank loaned to him a certain sum of money, and charged and collected from him

interest thereon at the rate of 2 per cent. per month, which was in excess of the amount allowed by law and was made illegal by section 256. c. 27. p. 408, of Carter's Civil Code of ·Alaska: that the aggregate of the usurious interest so charged and paid was $1,843.01. The prayer of the complaint was for the penalty imposed by section 257 of the statute in double the amount of the interest so paid. The bank demurred to the complaint on the grounds that several causes of action were improperly united, that neither of the separate counts set forth facts sufficient to constitute a cause of action. and that the court had no jurisdiction of the subject of the action. The demurrer was overruled, and the bank answered alleging that, before the commencement of the action, the plaintiff therein assigned the causes of the action to C. M. Shaw, who was the holder thereof at the time of the commencement of the action, and ever since, and is the real party in interest. Thereupon Stewart obtained leave of the court to amend his complaint by adding the name of C. M. Shaw as a party plaintiff, and by adding the averment that the "charging, collecting, and receiving of said interest was done by said defendant in the district of Alaska and with full knowledge that the same was illegal and wrongful," and by adding the further averment that after the payments of interest. and before the commencement of the action, Stewart assigned to Shaw all his property of whatever name and description, including his books of account and choses in action, for the purpose of enabling Shaw to collect the assets and pay the debts of Stewart and to pay the surplus remaining, if any, to Stewart.

To the amended complaint the bank demurred on the ground that several causes of action had been improperly united, and that in none of them were facts stated sufficient to constitute a cause of action. The demurrer was overruled, and the bank answered alleging, in substance, the following: That neither Stewart nor Shaw was the real party in interest, but that the West Coast Grocery Company, a corporation of Tacoma, Wash., was the real party in interest; that prior to the filing of the amended complaint Stewart had assigned and transferred to that corporation all right, title, claim, and interest in the cause of action and the proceeds thereof, and any judgment that might be recovered therein; that Stewart is so largely indebted that he is insolvent, and all his assets, together with the total amount claimed in said bill of complaint, will not pay his debts and liabilities to said corporation and other creditors; that he has no interest in said cause of action: that the same has been brought at the instance and on behalf of the West Coast Grocery Company, in the name of the plaintiffs, to avoid the defense that the said cause of action is not assignable; that it was the understanding and agreement that that company would pay all costs and expenses and attorney's fees in the action; that that company has employed, at its own expense, the attorney who is prosecuting the same; and that the plaintiffs have no interest in the subject-matter of said cause of action. Thereafter Stewart and Shaw filed a motion, supported by the affidavit of Stewart, to strike said answer from the records, and for judgment on the ground that the answer was sham and frivolous, and not interposed in good faith. The bank moved to strike the affidavit from the records on the ground that it could not properly be considered by the court upon the plaintiff's motion. The court overruled the bank's motion to strike out the affidavit, and granted the plaintiff's motion to strike out the bank's answer and for judgment, and thereupon rendered judgment against the bank, in favor of Stewart and Shaw jointly, for the sum of $3,686.02, and for costs and disbursements.

Wickersham, Heilig & Roden, Campbell, Metson, Drew, Oatman & Mackenzie, and E. H. Ryan, for plaintiff in error.

L. P. Shackleford and Alfred Sutro, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). Were several causes of action improperly united in the amended complaint? The Code of Alaska (Code Civ. Proc. § 84) provides that the plaintiff

may unite several causes of action in the same complaint when they all arise out of:

"First: Contracts express or implied; or
"Second: Injuries with or without force to the person; or
"Third: Injuries with or without force to property; or
"Fourth: Injuries to character; or
"Fifth: Claims to recover real property with or without damages for the withholding thereof; or
"Sixth: Claims to recover personal property, with or without damages for the withholding thereof; or
"Seventh: Claims against a trustee by virtue of a contract or by operation of law."

At common law joinder was permitted of all actions requiring the same plea and judgment. The Codes, however, have generally classified the causes of action which may be united in a complaint, and have permitted the joinder of those which fall within certain designated classes. The classification in the Code of Alaska is similar to that of most of the Codes. In view of the common-law rule which existed before the adoption of the Codes, it ought to be presumed that, when classes of causes which may be united are specified in a Code, it is the intention of the lawmakers to include therein under one or other of the heads all kinds of civil actions which may be brought. In 23 Cyc. 408, it is said:

"Actions for the recovery of statutory penalties are usually regarded as upon contract, and several causes of action, therefore, against the same defendant, may be joined"—citing Carter v. Wilmington, etc., Ry. Co., 126 N. C. 437, 36 S. E. 14; Maggett v. Roberts, 108 N. C. 174, 12 S. E. 890; Katzenstein v. Railroad Co., 84 N. C. 688; Railroad Co. v. Cook, 37 Ohio St. 265.

In the first three of these cases joinder of actions in one complaint to recover penalties was permitted on the ground that they were "actions arising out of contract express or implied." In Railroad Company v. Cook, an action to recover statutory penalties for overcharges for the transportation of passengers, it was held that several causes of action might be joined under the classification "injury with or without force to person or property." In Snow v. Mast, 65 Fed. 995, Judge Sage followed the decision in Railroad Co. v. Cook, and said that the statute providing for the joinder of actions should be construed liberally for the purpose of preventing multiplicity, and that different causes of action for penalties under a state statute might be united in the same petition.

The plaintiff in error cites Brown v. Rice, 51 Cal. 489, and Louisville & Nashville Ry. Co. v. Commonwealth, 102 Ky. 300, 43 S. W. 458, 53 L. R. A. 149, in which it was held, under Code provisions similar to those under discussion here, that no provision was made for joinder of causes of action to recover penalties, and State v. Yellowjacket Silver Mining Co., 14 Nev. 220, in which it was held that the right of a state to recover taxes did not arise from contract, and that the joinder of such causes of action was not permitted by the Code. In the first two of these cases, there is no discussion whatever of the grounds of decision. In the Nevada case, we find the better reasoning in the dissenting opinion of Beatty, C. J., whose view was that the obligation to pay a tax rests upon the implied promise

of the taxpayer, and the causes of action to enforce payment thereof arose out of an implied contract. We see no difficulty in the way of holding that the causes of action here sued upon arise under an implied contract. When the plaintiffs paid to the defendant interest in excess of the amount allowed by law, there arose an obligation tantamount to an implied promise to repay the amount so unlawfully exacted, and in addition thereto the law imposed an obligation to pay an equal amount. That obligation was enforceable under the Code pleading as a promise to pay, just as at common law assumpsit lay on an implied promise to discharge a legal obligation created by statute. Hillsborough County v. Londonderry, 43 N. H. 451; Bell v. Burrows, Bull, N. P. 129; Brookline v. Westminster, 4 Vt. 224; Bath v. Freeport, 5 Mass. 325. In Mayor, etc., of Balt. v. Howard, 6 Har. & J. (Md.) 383, 394, it was said:

"Where the law gives a claim to one against another, it raises an implied assumpsit on the legal obligation to pay."

There was no error in permitting the complaint to be amended to bring in Shaw as a party plaintiff. Both he and Stewart had an interest in the subject-matter of the action, and in the relief demanded, Shaw as the assignee for Stewart's creditors, Stewart as having a contingent interest, in reducing the assigned demands to judgment, and in obtaining a possible overplus after the payment of his debts. The parties stood in the attitude of trustee and cestuis que trust, the joinder of whom as parties plaintiff in actions affecting the trust property has always been permitted under the Codes. 30 Cyc. 118, and cases there cited.

Nor did the trial court err in striking out as sham and frivolous the answer of the plaintiff in error to the amended complaint. That answer was in the nature of a plea in abatement, alleging that neither Stewart nor Shaw was the real party in interest, but that the cause of action had been assigned, at some time unknown to the pleader, to the West Coast Grocery Company. The verification of this pleading was made by the same officer of the plaintiff in error who had in the first answer made oath that Shaw and not Stewart was the real party in interest. In the answer to the amended complaint there is no explanation of these inconsistent averments, and no allegation of mistake or misinformation. In the language of a proffered amendment which the plaintiff in error sought to have incorporated in the answer, alleging "that said C. M. Shaw is, and at all times mentioned in said amended complaint was, the agent and employé of said West Coast Grocery Company," we may find the ground on which it was alleged that the West Coast Grocery Company was the real party in interest. Taking it to be true, it shows that Shaw was the trustee of an express trust, and that as such he had the right to maintain the action on behalf of the grocery company. In this connection error is assigned to the refusal of the court to strike out the affidavit of Stewart which was filed in support of the motion to strike out the answer to the amended complaint, and it is urged that the affidavit had no place in the pleadings and could not properly be considered by the court. But there is nothing to show that the ruling of the

court was influenced by the affidavit. The order to strike out the amended answer was clearly sustainable upon the grounds above indicated.

It is contended that the demurrer to the amended complaint should have been sustained for want of an averment that the bank knowingly received usurious interest. Cases are cited which sustain the rule that the complaint must contain such an allegation where the statute makes recovery of the penalty depend upon the defendant's knowledge that usurious interest was knowingly charged or collected. There is such a provision in section 5198 of the Revised Statutes (page 3493, Comp. St. 1901) governing national banks, and under its terms it was held, in Schuyler National Bank v. Bollong, 24 Neb. 821, 40 N. W. 411, Garfunkle v. Bank of Charleston, 79 S. C. 404, 60 S. E. 942, and Henderson National Bank v. Alves, 91 Ky. 142, 15 S. W. 132, that the complaint must allege that the usurious interest was knowingly collected. The statute of Alaska contains no such, or equivalent, expression. It declares that, if usurious interest be received or collected, the person paying the same, or his legal representative, may recover from the person, firm, or corporation receiving the same double the amount of the interest so received or collected. But if, indeed, the statute were otherwise, and had made it a condition to the right to recover the penalty that the usurious interest was knowingly collected, we think the allegation of the amended complaint would be sufficient, for it is alleged that the "charging, collecting, and receiving of said interest was done by said defendant with full knowledge that the same was illegal and wrongful."

We find no error.

The judgment is affirmed.