# STATE BANK OF PADEN v. LANAM.

No. 1999.   Opinion Filed June 25, 1912.

Rehearing Denied August 20, 1912.

(126 Pac. 220.)

1.  **COURTS—County Courts—Jurisdiction—Statutes.** The original jurisdiction of county courts in civil cases, in an amount not exceeding $1,000, conferred by section 12 of article 7 of the state Constitution, was not changed by sections 1 and 2 of the act of June 4, 1908 (Session Laws 1907-08, p. 284, c. 27, art. 1; Comp. Laws 1909, secs. 1977, 1978), so as to deprive said courts of jurisdiction where the amount involved did not exceed $200.

2.  **SAME—Prospective Operation.** An act approved March 9, 1910 (Sess. Laws 1910, c. 40, p. 60), is prospective, and not retrospective, in its operation, and in no manner affects the jurisdiction of the county courts in civil causes then pending therein, where the amount involved is less than $200.

3.  **PLEADING—Separate Causes of Action—Separate Statement and Numbering.** Causes of action to recover usury paid at different times and on different loans, being of the same class, and affecting the same parties, may properly be joined in one petition, under the provisions of section 5623, Comp. Laws 1909, when separately stated and numbered.

4.  **CONSTITUTIONAL LAW — Self-Executing Constitutional Provisions—Usury.** Section 3, art. 14, Constitution of Oklahoma, providing that in case a greater rate of interest has been paid than is authorized by section 2, art. 14, Constitution, the person by whom it has been paid, or his legal representative, may recover from the person, firm, or corporation, taking or receiving the same, in an action in the nature of an action of debt, twice the amount of the interest so paid, is self-executing.

5.  **USURY—Action to Recover—Common-Law Form.** The common-law remedy to recover usurious interest paid was indebitatus assumpsit, or an action for money had and received.

(Syllabus by Sharp, C.)

*Error from Okfuskee County Court;*
*T. T. Doyle, Judge.*

Action by Thomas S. Lanam against the State Bank of Paden.   Judgment for plaintiff, and defendant brings error. Affirmed.

*Horton & Smith* and *C. T. Huddleston,* for plaintiff in error.

*W. T. Banks,* for defendant in error.

Opinion by SHARP, C.   Plaintiff's action was instituted on the 15th day of September, 1909, and was tried June 16, 1910. It is urged that the county court did not have jurisdiction; the amount involved being less than $200.   This exact question was before the court in *Cooper v. Austin,* 30 Okla. 297, 119 Pac. 206, in which it was held that the original jurisdiction of county courts in civil cases, in an amount not exceeding $1,000, conferred by section 12 of article 7 of the state Constitution, was not changed by sections 1 and 2 of the act of June 4, 1908 (Sess. Laws 1907-08, p. 284; Comp. Laws 1909, secs. 1977, 1978), so as to deprive said courts of jurisdiction where the amount involved did not exceed $200.

The rule announced in this case was followed by the court in *First Nat. Bank of Mill Creek v. Langston,* 32 Okla. 795, 124 Pac. 308.   The action then pending and undetermined was unaffected by the passage of the act of March 9, 1910 (Sess. Laws 1910, c. 40, p. 60), for the reason that the latter statute, being prospective in its terms, in no wise affected pending actions. *Adair v. McFarlin et al.,* 28 Okla. 633, 115 Pac. 787.   We do not wish to be understood, however, as holding that under said latter statute county courts have jurisdiction in civil cases where the amount involved is $200 or under, but to rest our decision upon the ground that the passage and approval of said act did not affect pending actions.

The next objection is that two causes of action were improperly joined in the same petition.   Plaintiff's action is one based on section 3, art. 14, of the state Constitution.   Under the rule announced in *Ex parte McNaught,* 23 Okla. 285, 100 Pac. 27, this constitutional provision is self-executing.   29 Am. & Eng. Enc. L. 459.   Plaintiff's cause of action was based upon usurious interest, exacted and paid on two separate and distinct notes, given at different times and made payable on different dates.   The petition contained two causes of action, which were separately stated and numbered.   The question therefore

is: May different causes of action to recover usury paid at different times and on different loans, constituting, as they do, different causes of action, be joined in the same petition? Section 5623, Comp. Laws 1909, provides that the plaintiff may unite several causes of action in the same petition, whether they be such as have theretofore been denominated legal or equitable, or both, where they all arise out of either one of the following clauses: "2. Contracts, express or implied." Six other classes of causes of action are named in this section, neither of which it will be necessary to make further reference to.

The common-law remedy for the recovery of usurious interest paid was *indebitatus assumpsit*, or an action for money had and received. *Melton v. Snow,* 24 Okla. 780, 104 Pac. 40, 29 Am. & Eng. Enc. L. 548. At common law, joinder was permitted of all actions requiring the same plea and judgment. The Codes, however, have generally classified the causes of action which may be united in a complaint, and have permitted the joinder of those which fall within certain designated classes. The classification of our statute is similar to that of most of the Codes. In view of the common-law rule, which existed before the adoption of the Codes, it is to be presumed that, when classes of causes which may be united are specified in a Code, it is the intention of the lawmakers to include therein, under one or the other of the heads, all kinds of civil actions which may be brought. *Washington-Alaska Bank v. Stewart,* 184 Fed. 673, 108 C. C. A. 273.

"Actions for the recovery of statutory penalties are usually regarded as upon contract, and several causes of action therefor against the same defendant may be joined." (23 Cyc. 408; *Carter v. Wilmington, etc., Ry. Co.,* 126 N. C. 437, 36 S. E. 14; *Maggett v. Roberts,* 108 N. C. 174, 12 S. E. 890; *Wallace v. Jones,* 182 N. Y. 37, 74 N. E. 576; *Star Grain & Lbr. Co. v. Atchison, T. & S. F. Ry. Co.,* 85 Kan. 281, 116 Pac. 906; *Astill v. South Yuba Water Co.,* 146 Cal. 55, 79 Pac. 594.)

In *Katzenstein v. Raleigh, etc., R. Co.,* 84 N. C. 688, the action was one to recover a penalty against the railroad company for failure to forward freight, under chapter 24, sec. 2, of the Laws of 1874-75 of the state of North Carolina. It was said by the court:

"The action of debt, then, thus founded upon contract, was an appropriate remedy upon all legal liabilities upon simple contracts, whether written or unwritten; upon notes, whether with or without seals, and upon *statutes by a party grieved* or by a *common informer,* whenever the demand was for a sum certain, or was capable of being readily reduced to a certainty. 1 Chitty's Pleading, 123. As, for example, a penalty imposed by a statute, though the amount is·uncertain, and is to be fixed by the court between $5 and $50. *Rockwell v. Ohio,* 11 Ohio, 130. But why was debt an action sounding in contract the proper remedy for a penalty given by a state? The learned jurists, whose cumulative wisdom formed the common-law system of pleading, which has been characterized by some of its eulogists as the *perfection of reason,* must have had good grounds for classifying penalties among those subjects of action denominated *ex contractu,* as distinguished from torts. The only explanation we have been able in our researches to meet with on this subject is to be found in 3 Blackstone's Commentaries, 160. That learned judge and commentator says: 'There are some contracts implied by law. Of this nature are, first, such as are necessarily implied by the fundamental constitution of government, to which every man is a contracting party. And thus it is that every person is bound and hath agreed to pay such particular sums of money as are charged on him by the sentence or assessed by the interpretation of the law. For it is a part of the original contract entered into by all mankind, who partake the benefit of society, to submit in all points to the municipal constitutions and local ordinances of that state of which each individual is a member. Whatever, therefore, the law orders one to pay, that becomes instantly a debt which he hath beforehand *contracted* to discharge.' " (Italics ours).

The case of *Washington-Alaska Bank v. Stewart, supra,* decided February 6, 1911, is the only case exactly in point that we have been able to find. The statute of the territory of Alaska, with reference to·the joinder of causes of action, is identical with our statute. The petition contained six separate causes of action, in each of which it was alleged that at different dates specified the bank loaned to the plaintiff certain sums of money, and charged and collected from him interest thereon at the rate of two per cent. per month, which was in excess of the amount allowed by law, and was made illegal by the statutes of that ter-ritory. The prayer of the complaint was for the penalty im-

posed by section 257 of the statute (Carter's Civ. Code) in double the amount of the interest so paid. After citing and discussing various authorities, the court said:

"We see no difficulty in the way of holding that the causes of action here sued upon arise under an implied contract. When the plaintiffs paid to the defendant interest in excess of the amount allowed by law, there arose an obligation tantamount to an implied promise to repay the amount so unlawfully exacted, and in addition thereto the law imposed an obligation to pay an equal amount. That obligation was enforceable under the code pleading as a promise to pay, just as at common law *assumpsit* lay on an implied promise to discharge a legal obligation created by statute. *Hillsborough County v. Londonderry,* 43 N. H. 451; *Bell v. Burrows,* Bull. N. P. 129; *Brookline v. Westminster,* 4 Vt. 224; *Bath v. Freeport,* 5 Mass. 325. In *Mayor, etc., of Balt. v. Howard,* 6 Har. & J. (Md.) 383, 394, it was said: 'Where the law gives a claim to one against another, it raises an implied *assumpsit* on the legal obligation to pay.' "

Bliss on Code Pleading (2d Ed.) sec. 128, and note.

The case of *Cincinnati, etc., Ry. Co. v. Cook,* 37 Ohio St. 265, was decided under a statute the same in all material respects as ours; and it was held that several causes of action for penalties against the railway company for overcharging for the transportation of passengers or property could be united, but upon the ground that it was an injury to the plaintiff's property. In *Snow v. Mast et al.* (C. C.) 65 Fed. 995, the Circuit Court for the Southern District of Ohio followed *Cincinnati, etc., Ry. Co. v. Cook, supra.* Both decisions announce that the statute providing for the joinder of actions should be construed liberally for the purpose of preventing multiplicity of actions.

The causes of action here are of the same class, and all arose under the identical provision of the statute, the only difference being that of time and amount; the parties are the same, and are affected in the same right; the venue was the same; the general allegations of the petition and the defenses were the same; the same character of relief was sought and obtained. At common law causes of action of this nature could be united in the same declaration; and, in view of the fact that the Code or Practice Act was designed to abolish or modify technicalities imposed by

the common-law system, and to simplify the rules of procedure, we cannot give effect to that purpose by yielding to the refinements contended for by plaintiff in error, and hold that separate suits must be brought upon the two causes of action stated. The court did not err in overruling the demurrer for the misjoinder of causes of action.

The third assignment of error, that the verdict was excessive, is not well taken. At page 36B of the case-made, under the head of "Suggested Amendments," it is shown that the defendant in error received from the bank on the two notes the sum of $350, and paid thereon $424.07, making a total payment of interest of $74.07, and the amount of plaintiff's verdict, being $148.14, is exactly twice the amount of the total interest paid— the amount of recovery authorized.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.