## YATES v. FIRST NAT. BANK OF MILL CREEK.

No. 3185.   Opinion Filed May 12, 1914.

(140 Pac. 1174.)

1. **APPEAL AND ERROR**—Presentation for Review—Petition in Error. This court will not review an alleged error of a trial court, unless the error complained of is assigned for review by the petition in error, as well as by the motion for a new trial.

2. **SAME**—Excessive Recovery—Assignment of Error—Motion for New Trial. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon contract, cannot be considered on appeal, unless such error is assigned in the motion for a new trial as a ground therefor.

3. **SAME**—Usury—New Trial—Motion—Essentials. An action to recover usury is one arising on an implied contract; and, where the plaintiff, in an action to recover usurious charges, complains of the amount of the verdict in his favor, it is necessary that the motion for a new trial contain as a ground therefor the fifth subdivision of section 5825, Comp. Laws 1909 (Rev. Laws 1910 sec. 5033).

4.    SAME—Excessive Recovery—Presentation for Review—Motion for
      New Trial. Where the evidence is sufficient to sustain a verdict
      for a greater sum than that found by the jury, this court will
      not examine the record to ascertain whether the sum so found
      was the correct amount, where error in the assessment of the
      amount of recovery is omitted from the motion for a new trial.

(Syllabus by Sharp, C.)

*Error from District Court, Johnston County;*
*A. T. West, Judge.*

Action by E. M. Yates against the First National Bank of
Mill Creek. From the judgment plaintiff brings error. Affirmed.

*P. B. H. Shearer* and *J. B. O'Bryan*, for plaintiff in error.

*Horton & Smith* and *Stephen C. Treadwell*, for defendant
in error.

Opinion by SHARP, C. Plaintiff brought suit to recover
usurious interest amounting to $1,242.70. The jury returned a
verdict in his favor for $1.

Plaintiff's motion for a new trial contains numerous grounds,
but wholly omits to assign the fifth subdivision of section 5825,
Comp. Laws 1909 (Rev. Laws 1910, sec. 5033), authorizing the
trial court to vacate the verdict of a jury and grant a new trial,
where there is error in the assessment of the amount of recovery,
whether too large or too small, where the action is upon a con-
tract or for injury or detention of property.

Plaintiff's several causes of action arose upon an implied con-
tract. *State Bank of Paden v. Lanam*, 34 Okla. 485, 126 Pac.
220; *Washington-Alaska Bank v. Stewart*, 184 Fed. 673, 108 C. C.
A. 273. In the former case, adopting the language of the court in
the latter, and in which a like statute was under consideration, it
was said that the causes of action there sued upon arose under
an implied contract; that, when the plaintiffs paid to the defend-
ant interest in excess of the amount allowed by law, there arose
an implication tantamount to an implied promise to repay the
amount so unlawfully exacted, and, in addition thereto, the law

imposed an obligation to pay an equal amount. That obligation was enforceable under the Code pleading as a promise to pay, just as at common-law assumpsit lay on an implied promise to discharge a legal obligation.

While in each of the above cases the court held that causes of action to recover usury paid at different times and on different loans, being of the same class, and affecting the same parties, might properly be joined in one petition, being contracts implied within the meaning of the Code provision authorizing joinder of causes of action, in our opinion, a like construction must be given the fifth subdivision of section 5825, *supra,* which furnishes the means whereby a verdict may be set aside, and a new trial granted, where there is error in the assessment of the amount of recovery, whether it be too large or too small, where the action is upon contract. There is nothing in the statute indicating that the action must be upon an express, and not an implied, contract; neither can there be reason for giving to said provision so restricted a construction. *First Nat. Bank of Nashua v. Van Vooris,* 6 S. D. 548, 62 N. W. 378; *Fire Dept. of the City of Oshkosh v. Tuttle,* 50 Wis. 552, 7 N. W. 549; *Crandall v. White et al.,* 164 Mass. 54, 41 N. E. 205; *Midland Co. v. Broat,* 50 Minn. 562, 52 N. W. 972, 17 L. R. A. 312; *Dalton v. Laudahn,* 30 Mich. 349; *Republic Iron Mining Co. v. Jones* (C. C.) 37 Fed. 721, 2 L. R. A. 746. Plaintiff's several causes of action being founded upon an implied contract, and the amount of his recovery not being that to which it is claimed the evidence entitled him, he should have moved for a new trial under the fifth subdivision of section 5825, *supra.* It was not from an adverse verdict that a new trial was asked, but from a favorable verdict for an insufficient sum.

The motion for a new trial, having failed to assign the section of the statute in question, although it was charged that the verdict was contrary both to the law and the evidence, was insufficient. Error in the amount of recovery constituted the sole objection urged to the judgment, and that, not being specified as one of the grounds for a new trial, was not presented to the trial court, and hence is no cause for reversal on appeal.

This same statute was before the court in *Southwestern Cotton Seed Oil Co. v. Bank of Stroud et al.,* 12 Okla. 168, 70 Pac. 205, and *Graham v. Yates et al.,* 36 Okla. 148, 128 Pac. 119. In the latter case it was said that there is a wide distinction between an adverse verdict and one favorable to the complaining party, where only the amount of recovery is the error sought to be reviewed, and it was doubtless this distinction that caused the Legislature to assign as one of the several grounds for a new trial the one under consideration. It is unnecessary to add to what has heretofore been said by this court in the foregoing cases, each of which are supported by abundant authority.

The judgment of the trial court should, for the reason stated, be affirmed.

By the Court: It is so ordered.