GEORGE WALLACE, Appellant, *v.* WILLIAM H. JONES et al.,
Respondents.

1. ACTION UNDER "TAXPAYERS' ACT" (L. 1881, CH. 531, AS AMD. BY
L. 1887, CH. 673 AND L. 1892, CH. 301) TO RECOVER CLAIMS ILLEGALLY
AUDITED BY BOARD OF SUPERVISORS — WHEN ALLEGATION CHARGING
FRAUD AND COLLUSION SUFFICIENT — MEANING OF WORD "COLLUSIVE."
Where the complaint in an action brought under the "Taxpayers' Act"
(L. 1881, ch. 531, as amd. by L. 1887, ch. 673 and L. 1892, ch. 301) against
the members of a board of supervisors to recover the amount of cer-
tain items alleged to have been illegally and collusively audited, sup-
plemented by schedules thereto attached and forming part thereof, specifi-
cally alleges in detail the illegality and fraudulent character of the several
claims allowed, and charges that each defendant presenting such claims
knew that the claims were in excess of the fees allowed by law, such
complaint is not demurrable because it fails to allege that the defend-
ants auditing such claims also knew that they were in excess of the fees
allowed by law, since this is sufficiently implied by the use of the word
"collusive," which is the word used in the statute and is defined by lexi-
cographers to mean "fraudulently concerted."

2. SAME — WHEN CLAIMS AGAINST SEVERAL MEMBERS OF BOARD OF
SUPERVISORS PROPERLY UNITED IN ONE ACTION. Where it appears from
the complaint that the separate bills of the several defendants were of the
same character, that they are charged to have been illegal and fraudulent
in the same respects, and that the bill of each of the defendants was
audited and allowed by the others, though on different days, the causes
of action are properly united in one complaint, under subdivision 6 of
section 484 of the Code of Civil Procedure, which authorizes the joinder
of claims for injuries to personal property: since the causes of action
are to recover moneys illegally and fraudulently obtained from the county
and an action for fraud is for an injury to personal property and several
claims of that character may be joined in a single suit.

*Wallace* v. *Jones*, 92 App. Div. 613, reversed.

(Argued May 2, 1905; decided May 30, 1905.)

APPEAL from a judgment, entered March 19, 1904, upon
an order of the Appellate Division of the Supreme Court in
the second judicial department, which affirmed a judgment of
Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Thomas Young* for appellant. The complaint states a cause of action. (Potter's Dwarris on Statutes, 184, note 6; *Waller* v. *Harris*, 20 Wend. 561 ; *Penfold* v. *U. L. Ins. Co.*, 85 N. Y. 317 ; *Matter of Town of Hempstead*, 36 App. Div. 321.) The contention that the defendants in auditing the bills were acting in a judicial capacity and, therefore, their acts could not be successfully attacked in this suit is untenable. (*Osterhout* v. *Board*, 98 N. Y. 222 ; *Rogers* v. *Bd. Suprs.*, 77 App. Div. 501 ; *Ziegler* v. *Chapin*, 126 N. Y. 342.) All the claims mentioned in the complaint arise out of transactions connected with the same subject of action. (L. 1892, ch. 301 ; Code Civ. Pro. § 484, subd. 9.) The causes of action are properly united because they are all for injuries to personal property. (L. 1881, ch. 531.)

*George Wallace*, appellant, in person. The action was properly brought under the provisions of the Taxpayers' Act. (*Rogers* v. *Bd. of Suprs.*, 77 App. Div. 502 ; *Ziegler* v. *Chapin*, 126 N. Y. 342 ; *Warrin* v. *Baldwin*, 105 N. Y. 534 ; *Armstrong* v. *Grant*, 56 Hun, 226 ; *Peck* v. *Belknap*, 130 N. Y. 394 ; *Webb* v. *Bell*, 22 App. Div. 314.) The contention that the claims audited are not claims arising out of the same transaction, or transactions connected with the same subject of action, cannot be maintained. (*Hall* v. *Gilman*, 77 App. Div. 458 ; *Uggla* v. *Brokaw*, 77 App. Div. 310 ; *Porter* v. *I. B. Co.*, 163 N. Y. 85 ; *De Wolf* v. *Abraham*, 151 N. Y. 186 ; *People* v. *Wells*, 52 App. Div. 584 ; *Doyle* v. *Am. Wringer Co.*, 60 App. Div. 527 ; *Wallace* v. *Jones*, 68 App. Div. 192 ; *Shepard* v. *M. R. Co.*, 117 N. Y. 442 ; *Lamming* v. *Galusha*, 135 N. Y. 239 ; *Benedict* v. *G. T. Co.*, 58 App. Div. 302.)

*Charles F. Brown*, *Fred Ingraham* and *Henry A. Monfort* for respondents. Unless the complaint shows collusion, connivance, fraud or bad faith upon the part of the three defendants in making the audits complained of, it fails to state a cause of action against them. (*Roosevelt* v. *Draper*, 23 N. Y. 318 ; *Doolittle* v. *Bd. Suprs.*, 18 N. Y. 155 ; *McCrea* v.

*Chahoon,* 54 Hun, 577 ; *Feeley* v. *Wurster,* 25 Misc. Rep. 544.) It is well settled that, supervisors, in auditing claims against a county, exercise a judicial function, and, if they act within their jurisdiction, they cannot, in the absence of fraud or collusion, be held personally responsible for their audits. (*People ex rel. Oneida Bank* v. *Bd. Suprs,* 51 N. Y. 442 ; *People ex rel. Baldwin* v. *Bd. Suprs.,* 26 Barb. 118 ; *Weaver* v. *Devendorf,* 3 Den. 117 ; *People ex rel. Myers* v. *Barnes,* 114 N. Y. 317 ; *E. R. G. L. Co.* v. *Donnelly,* 93 N. Y. 557 ; *Chase* v. *Saratoga Co.,* 33 Barb. 603 ; *People* v. *Stocking,* 50 Barb. 573 ; *Osterhoudt* v. *Rigney,* 98 N. Y. 222.) The first-alleged cause of action does not state facts sufficient to constitute a cause of action as against the defendants Cox and Willets, since it fails to show fraud or collusion upon their part in auditing bills in favor of the defendant Jones. (*Masterson* v. *Townshend,* 123 N. Y. 458 ; *Booth* v. *Dodge,* 60 App. Div. 23 ; *N. Y. & M. V. T. Co.* v. *Tyroler,* 25 App. Div. 161.) But the demurrers to the whole complaint, on the ground that it appears, on the face thereof, that causes of action are improperly united, were likewise properly sustained. (Code Civ. Pro. § 484 ; *Nichols* v. *Drew,* 94 N. Y. 22 ; *Mahler* v. *Schmidt,* 43 Hun, 512 ; *Harris* v. *Elliott,* 29 App. Div. 568.) The complaint cannot be sustained as stating a single cause of action against the defendants. (*Van Allen* v. *Dunton,* 24 Misc. Rep. 230.)

CULLEN, Ch. J. The action is brought by a taxpayer of the county of Nassau against three defendants, who composed the board of supervisors of said county, to recover from them the amount of certain items in the several bills of said defendants for alleged services, mileage and disbursements as supervisors, which it is alleged were illegally and collusively audited by said board. The complaint purports to set forth three causes of action ; the first for the sums illegally paid to one defendant ; the second for the sums paid to another defendant, and the third for the sums paid to the last defendant. These causes of action are stated in the same form, and each

concludes, " On information and belief that the said defendant (the one to whom the payment was made) knew when presenting said claims that the sums claimed were in excess of the fees allowed to him by law, and that such claims were collusively audited and allowed by said Board to aid said defendant in having such illegal fees paid from the funds of the county; that the said auditing and allowing of said claims in favor of the defendant (the same defendant as above referred to) was a breach of trust and duty on the part of the defendants, and said acts of the defendants were fraudulent as against the plaintiff and other taxpayers of the said county of Nassau." To this complaint all the defendants demurred on the ground that several causes of action had been improperly united, and each defendant separately demurred to the two causes of action which stated the claims alleged to have been illegally paid to the other two defendants. The Special Term gave judgment for the defendants on the demurrer, which has been affirmed by the Appellate Division.

We think each separate cause of action set forth a good cause of action against all the defendants. Section 1 of the " Taxpayers' Act," as it is usually called (Ch. 531, Laws of 1881, as amended by ch. 673, Laws of 1887, and ch. 301, Laws of 1892), provides that all officers of any county may be prosecuted, and an action maintained against them by a taxpayer to prevent any illegal official act or to prevent waste and injury to, or to restore or make good, any property, funds or estate of such county, and in case the injury complained of consists in any board, officer or agent by collusion or otherwise allowing, or paying, or conniving at the audit of any fraudulent or illegal demand, the court shall enforce the restitution and recovery thereof, if theretofore paid, and " also may, in its discretion, adjudge and declare the colluding or defaulting official personally responsible therefor, and out of his property * * * provide for the collection or repayment thereof." It is conceded by the learned counsel for the respondents that officers who by their fraudulent and collusive

acts suffer the funds of the county to be illegally paid out may be properly joined as defendants in an action to recover such funds, but he contends that the general allegation of the complaint that the claims were collusively audited by the demurring defendant is insufficient and that there should be charged specific allegations of fact of which the court can predicate collusion. This contention is not well founded. The complaint, supplemented by the schedules thereto attached, and forming part thereof, specifically alleges in detail the illegality and fraudulent character of the several claims audited and allowed. It charges that the defendant presenting said claims knew that the sums were in excess of the fees allowed by law. If the complaint had then alleged that the demurring defendants also knew that the claims were in excess of the fees allowed by law no question could be made as to its sufficiency. This, however, is the fair import of the term "collusive." The word is the one used in the statute, and is defined by the lexicographers to mean "fraudulently concerted." The allegations of the complaint were, therefore, sufficient, for, as said by this court in *Sage* v. *Culver* (147 N. Y. 241), "the pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated." Of course, if there had been no specific allegation in the complaint of the respects in which the claim audited and paid was illegal and fraudulent a very different question would be presented, for, as has been repeatedly held, a mere general allegation of fraud or illegality is insufficient.

The next question presented by demurrer is whether the several causes of action were properly united in the same complaint. The 9th subdivision of section 484 of the Code of Civil Procedure authorizes the joinder of causes of action upon claims arising out of the same transaction or transactions connected with the same subject of action. It appears from an examination of the whole complaint that the separate bills of the several defendants were of the same character,

and they are charged to have been illegal and fraudulent in the same respects. The bill of each of the defendants was audited and allowed by the other two, though on different days. If the complaint had expressly charged that the bills were audited in pursuance of an agreement between the parties that the bill of each should be allowed by the other two, I think it plain that all the claims would arise out of the same transaction within the meaning of the Code. It is possible that under the doctrine of *Saye* v. *Culver*, already cited, such a charge may be implied from the other allegations of the complaint. However that may be, I think that the three causes of action were properly joined under subdivision 6 of section 484, which authorizes the joinder of claims for injuries to personal property. The causes of action are to recover moneys illegally and fraudulently obtained from the county of Nassau, and while there is no decision of this court on the subject it has been uniformly held in the Supreme Court that an action of fraud is for injury to personal property and that several claims of that character may be joined in a single suit. In *Cleveland* v. *Barrows* (59 Barb. 364) the complaint declared on two causes of action, one for fraud in the sale of a canal boat and the second for the conversion of certain personal property. On demurrer it was decided that the two causes of action were properly joined, the court holding that an action for fraud was an action for injury to property. That case was followed in *De Silver* v. *Holden* (18 J. & S. 236). In the recent case of *Benedict* v. *Guardian Trust Company* (58 App. Div. 302) the action was brought to recover damages for fraudulent representations made in a prospectus, on eighteen assigned claims of parties who had been induced to purchase stock by such fraudulent representations. On demurrer it was held that the several causes of action were properly united under the section of the Code referred to. The cases cited seem to have been correctly decided on principle, and control the disposition of that now before us. We think that the demurrer to the complaint was improperly sustained.

The judgment of the Special Term and that of the Appellate Division should be reversed and judgment ordered for plaintiff on demurrer, with costs in all the courts, with leave to the defendants to withdraw demurrer and serve answer within twenty days after notice of the entry of this judgment upon the payment of such costs.

O'BRIEN, BARTLETT and VANN, JJ. (GRAY and WERNER, JJ., in result), concur; HAIGHT, J., not voting.

Judgment reversed, etc.