cannot get any evidence?" the answer of the law is simple and emphatic, "Do nothing." Even a suspected murderer has to be let alone if you cannot get evidence against him, let alone people who only commit the smaller offense of betting with each other on a horse race, and writing the bet on a card.

The motion is granted.

---

(109 App. Div. 414)

UNION FREE SCHOOI DIST. NO. 1 OF TOWNS OF BROWNVILLE AND PAMELIA v. VILLAGE OF GLEN PARK et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. SCHOOLS AND SCHOOL DISTRICTS—ACTION BY DISTRICT—RIGHT TO SUE.
   Under the express provisions of Const. art. 8, § 3, and Laws 1892, p. 1801, c. 687, § 3, a school district may sue in its corporate capacity.
   [Ed. Note.—For case in point, see vol. 43, Cent. Dig. Schools and School Districts, §§ 39, 271.]

2. SAME—SEPARATION OF VILLAGE FROM DISTRICT—INJUNCTION BY.
   A school district cannot, by virtue of its general corporate power or as a representative of the taxpayers, have an injunction to restrain a village within the limits of the district from separating from the district.

Appeal from Trial Term, Jefferson County.

Suit by Union Free School District No. 1 of the towns of Brownville and Pamelia against the village of Glen Park and others. From a judgment granting an injunction restraining the village of Glen Park from dividing the school district, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

I. R. Breen, for appellants.
George H. Cobb, for respondent.

SPRING, J. The plaintiff is a union free school district embracing all the village of Brownville, a part of the towns of Brownville and Pamelia, and also a part of the village of Glen Park. The village of Brownville contains the larger population and more than three-fourths of the children of school age. The village of Glen Park contributes the greater sum to the maintenance of the school district, as its assessed valuation is the greater. Seven-eighths of its assessable property, however, is owned by nonresidents of the village and district. The district has maintained a school in each village, but the school building in Brownville is insufficient for the accommodation of the children in attendance. In 1903 the qualified voters of the district, at a meeting duly called, carried a resolution to raise the sum of $12,000 to purchase a site near the boundary line separating the two villages and erect a building thereon for the convenience of the academic pupils of the district. The site was determined upon, its purchase was authorized, and a contract therefor has been entered into, but no purchase money has been paid, and no bonds issued as prescribed in the resolution of the board. The citizens of Glen Park desired to withdraw from the plaintiff and maintain a separate school district. Inasmuch as the limits of the village exceeded the limits

of the plaintiff, it was necessary, before this could be done, that the village of Glen Park should diminish its boundary lines so as to place itself in a position to secede from the plaintiff in accordance with chapter 125, p. 299, of the Laws of 1903, which provides that in any union free school district, which comprises all the territory of two or more villages, the board of trustees of any village whose entire territory is within said school district may call a special meeting under the consolidated school law to determine whether that portion of said school district comprising the said village shall be separated from the school district and be a separate union free school district with limits corresponding with the village.

The first step, therefore, in this procedure to secure the secession from the school district was to reduce the boundary lines of the village of Glen Park to correspond with the school district lines. The authority for this procedure is found in chapter 606, p. 1391, of the Laws of 1903, which provides that under certain circumstances a village may reduce its boundaries, "provided, however, that this section shall not apply to any county in the state which has adopted or may hereafter adopt the system of highway improvement under chapter 115, p. 218, of the Laws of 1898, or the acts amendatory thereof." This last reference is to the Higbie-Armstrong act for impovement of highways. As this law especially excludes incorporated villages from its scope, it is not easily discernible just why there should be a prohibition of the diminution of village boundaries, for the rejected territory would come within the purview of the law; but we have no concern with the reason for the provision. The court has found upon proof fully justifying it that the county of Jefferson has adopted the road improvement system referred to. The voters of Glen Park, in order to carry out their scheme of secession, duly voted to diminish the boundaries of the village, and then proceeded pursuant to the statute to separate the village from the plaintiff in order to erect a distinct school district when they were temporarily enjoined from the further prosecution of the undertaking pending this action. The plaintiff has obtained a judgment in accordance with the allegations of its complaint declaring that the acts of the defendants in diminishing the boundaries of the village of Glen Park are illegal, and a permanent injunction has been granted restraining the defendants from dividing said school district. The facts above enumerated are undisputed and authorize the judgment awarded, except that we are led to the conclusion that the plaintiff has not the legal capacity to maintain the action. The plaintiff is a municipal corporation (section 3, c. 687, p. 1801, Laws 1892) and may maintain an action in its corporate capacity. Bassett v. Fish, 75 N. Y. 303; Const. N. Y. art. 8, § 3.

The authority to sue, however, must be construed in the light of the particular functions within the purview of the plaintiff and its officers. If the secession of Glen Park is accomplished, the integrity of the plaintiff still remains. The property of the district is not interfered with. The school building and whatever other property the district itself owns is within the dominion of the board of education of the district. If there is any trespass upon that property an action would probably lie by the district or its board of education to recover damages, or, if equitable relief were proper, that form of action might be

resorted to. But the damages in the event of the division of the district fall upon the taxpayers, not the district as a distinct entity. As to any existing indebtedness against the district, section 5, c. 125, p. 300, of the Laws of 1903, already referred to, provides for its apportionment between the respective districts, and this subdivision prevents the rights of obligees being imperiled by the division of the district. The plaintiff, by its officers, is not the guardian of either the taxpayers or the obligees of the district. While the board of education has charge of the property of the district outside of its restricted domain, its members are not the sponsors of the people of the district or legally authorized to interfere by action, even though the tax burden may be increased upon the property of the taxpayers remaining by reason of the unauthorized withdrawal of Glen Park. The property of the district, not being subject to taxation, is not affected by the abridgment of its boundaries.

The Legislature in 1898 (Laws 1898, p. 1325, c. 576) authorized Union Free School District No. 7 of the town of Cortlandt in Westchester county to enlarge its boundaries, prescribing the territory which was to be added, and it included a part of district No. 6. There were obligations existing against district No. 6, and its board of education commenced an action against the board of education of district No. 7, assailing the legality of the act under which the district was about to be deprived of a portion of the territory embraced within its limits. It was held on demurrer to the complaint that the action was not maintainable by the plaintiff as its property was not affected. Board of Education v. Board of Education, 76 App. Div. 355, 78 N. Y. Supp. 522, affirmed in 179 N. Y. 556, 71 N. E. 1128, without opinion. We think that case is decisive of the present one. The proof in this case shows that in the village of Brownville there was a school building in which six teachers were employed and academic subjects were taught. The proof also shows that in the village of Glen Park there is a building with three rooms in which three teachers were employed. There is nothing in the evidence to show that the latter building is owned by the district, or, if so, that it is to be retained by the newly organized district. The action is not brought upon the assumption that the defendant is taking from the plaintiff the school building of the district, which is situate in Glen Park, or despoiling it of its property. The gravamen of the action is that the attempt to diminish the boundaries of the district was unauthorized, and that the plaintiff, by virtue of its general corporate power, and as the representative of the taxpayers, has a right to resist this alleged usurpation of power by the defendant.

The judgment should be reversed, with costs and disbursements of this appeal to the appellant, and judgment ordered in favor of the defendant, dismissing the complaint, with costs. So ordered. All concur.