HERBERT G. STEELE, Respondent, *v.* THE VILLAGE OF GLEN PARK et al., Appellants.

1. METHOD OF ADOPTION OF SYSTEM OF HIGHWAY IMPROVEMENT. The passage of a final resolution under the provisions of chapter 115, Laws of 1898, that a highway or section thereof, the construction of which has been approved by the state engineer, in conformity with the provisions of that statute, shall be constructed, and authorizing the necessary expenditure therefor, is an adoption of the system of highway improvement therein provided

2. STATUTE AUTHORIZING CHANGE IN VILLAGE BOUNDARIES. The statute (L. 1903, ch. 606, § 326a) authorizing change of boundaries of a village is by its terms inapplicable in a county where the system of highway improvement provided for by chapter 115 of the Laws of 1898 has been or may be adopted.

3. TAXPAYER'S ACTION — CODE AND STATUTE AUTHORIZING ACTION BOTH IN EFFECT. The provisions of section 1925 of the Code of Civil Procedure and of chapter 301 of the Laws of 1892 are both in full force and effect. The acts are independent of, and not inconsistent with each other.

4. NON-RESIDENT CAN MAINTAIN ACTION UNDER STATUTE. Under the act of 1892 a person not a resident of the municipality may maintain an action to restrain an illegal official act.

*Steele* v. *Village of Glen Park,* 119 App. Div. 918, affirmed.

(Argued October 23, 1908; decided November 10, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 17, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*I. R. Breen* for appellants. The plaintiff has not the legal capacity or right to maintain this action as he is not a citizen residing within the village of Glen Park and is not a resident taxpayer within said village. (Code Civ. Pro. § 1925 ; L. 1872, ch. 161 ; *People ex rel. Rose* v. *City of Brookline,* 69 N. Y. 605 ; *Liddy* v. *Long Island City,* 104 N. Y. 218 ; 26 Am. & Eng. Ency. of Law, 744 ; *People* v. *Jaehne,* 103 N. Y. 182 ; *E. P. Co.* v. *Lacey,* 63 N. Y. 422 ; *Stack* v. *City of Brookline,* 150 N. Y. 335 ; *People ex rel. Noyes* v. *Bd. of Education,* 55 App. Div. 295 ; *Wenk* v. *City of New York,* 171 N. Y. 607.) A taxpayer's action must be maintained under section 1925 of the Code and also under chapter 301 of the Laws of 1892 and both of these statutes must be complied with and construed together. (*Gerlock* v. *Brandreth,* 34 App. Div. 197 ; *Talcot* v. *City of Buffalo,* 125 N. Y. 280 ; *Zeigler* v. *Chapin,* 126 N. Y. 342.) The county of Jefferson prior to November 20, 1903, had not adopted the system of highway improvements under chapter 115 of the Laws of 1898, nor has the county of Jefferson, as a county, at any time adopted this system, nor is there any provision in the statute permitting such adoption. (L. 1898, ch. 115 ; L. 1903, ch. 606.)

*George H. Cobb* for respondent. The plaintiff has legal capacity to maintain this action under chapter 301 of the Laws of 1892. (*Greene* v. *Knox,* 175 N. Y. 432 ; *Wey* v. *O'Hara,* 95 N. Y. Supp. 81 ; *Bush* v. *O'Brien,* 164 N. Y. 205 ; *Rogers* v. *Board of Suprs.,* 77 App. Div. 501 ; *Warren* v. *Baldwin,* 105 N. Y. 534 ; *Latham* v. *Richards,* 12 Hun, 361 ; 15 Hun, 129 ; *Bush* v. *Coler,* 60 App. Div. 56 ; 170 N. Y.

587.)   The diminishing of the boundaries of Glen Park was an illegal act.   (L. 1903, ch. 606;  *U. F. S. District* v. *Vil- of Glen Park*, 109 App. Div. 414.)

CHASE, J.   A union free school district of the towns of Brownville and Pamelia, in the county of Jefferson, includes within its boundaries all of the village of Brownville, a large portion of the village of Glen Park and a small portion of the towns of Brownville and Pamelia, lying outside of said two villages.   In 1903 the school district voted to purchase a lot and erect thereon a high school building.   A majority of the inhabitants and of the children of school age within said district reside in the village of Brownville, but the assessment of real property in that part of the village of Glen Park included within said district exceeds that of the remaining part of said district.   The village of Glen Park after said vote of the school district and on or about November 23, 1903, assuming and claiming to act under chapter 606 of the Laws of 1903 (section 326a of the Village Law) voted to diminish the boundaries of the village by excluding from its corporate limits the territory situated in said village lying outside of the bounds of said school district.

Said act of 1903 provides: " The boundaries of a village may be diminished by excluding from its corporate limits, territory abutting upon a street, which is not adjacent to nor benefited by either street or sidewalk improvements, electric lights, sewers, water works system or fire protection, when any of such benefits, improvements or system have been completed in a village    *    *    *    Provided however that this section shall not apply to any county in the state which has adopted, or may hereafter adopt, the system of highway improvement under chapter one hundred and fifteen of the laws of eighteen hundred and ninety-eight or the acts amendatory thereof."

It is claimed that the purpose of such vote was to enable said village of Glen Park to determine by vote whether that part of the school district comprising the village of Glen Park should be separated from said school district and be

and become a separate school district as provided by chapter 125 of the Laws of 1903, section 1 of which provides: "In any union free school district within the limits of which there shall be territory of two or more incorporated villages the board of trustees of any village whose entire district is within said school district may call a special meeting of the voters  *  *  *  to vote at a school meeting, to determine whether that portion of any such school district comprising the village holding such special meeting shall be separated from such school district and be a separate union free school district with limits corresponding with the limits of such village  *  *  *."

An action was brought by said district to have the proceedings of the village of Glen Park under said act in diminishing the boundaries of said village declared illegal and of no effect. Judgment was obtained therein declaring said proceeding illegal and enjoining the division of said district.  An appeal was taken to the Appellate Division, where the judgment was reversed and the plaintiff's complaint dismissed.  (*Union Free School District* v. *Village of Glen Park*, 109 App. Div. 414.) This action was then commenced to have said proceedings declared illegal and of no effect, and to enjoin the defendants from doing anything for the purpose of diminishing the boundaries of the village of Glen Park pursuant to said chapter 606 of the Laws of 1903, or for the purpose of dividing said school district pursuant to chapter 125 of the Laws of 1903.

The plaintiff is a resident of the village of Brownville and assessed for real property in said village of Glen Park for an amount exceeding $1,000 and liable to pay taxes on such assessment in said village, and he was also assessed and paid taxes therein upon an assessment exceeding $1,000 within one year previous to the commencement of said action.

The act known as the Higbie-Armstrong Act (Laws of 1898, chapter 115) provides for the improvement of the public highways.  Our references to said act are to it as it existed November 23, 1903.  By it "The board of super-

visors in any county of the state may, and upon the presenta-
tion of a petition as provided in section two hereof, must pass
a resolution that public interest demands the improvement of
any public highway or section thereof situate within such
county, and described in such resolution, but such descrip-
tion shall not include any portion of a highway within the
boundaries of any city or incorporated village.  *  *  *."
(Section 1.)

The fact that the resolution must not include a highway
within the boundaries of an incorporated village may have
influenced the legislature to include in chapter 606 of the
Laws of 1903 the prohibition against its applying to any
county in the state which has adopted the system of highway
improvement by said act of 1898.

The act of 1898 provides: " The owners of a majority of
the lineal feet fronting on any such public highway or sec-
tion thereof in any county of the state may present to the
board of supervisors of such county a petition setting forth
that the petitioners are such owners and that they desire that
such highway or section thereof be improved under the pro-
visions of this act." (Section 2.)

The resolution of the board of supervisors that public
interest demands the improvement of any such public high-
way or section thereof must by the terms of the act be trans-
mitted to the state engineer and surveyor, who upon the
receipt thereof must investigate and determine whether the
highway or section thereof sought to be improved is of
sufficient public importance to come within the purposes
of the act taking into account the use, location and value of
such highway or section thereof for the purposes of common
traffic and travel, and he thereupon must approve or disap-
prove the resolution. (Section 3.)  If he approves the resolu-
tion he must cause the highway or section thereof to be mapped
both in outline and profile.  He must also cause plans and
specifications of such highway or section thereof to be thus
improved to be made for telford, macadam or gravel roadway
or other suitable construction, and upon the completion of

such maps, plans and specifications the state engineer must cause an estimate to be made of the cost of construction and transmit the same to the board of supervisors. (Sections 4, 5.) Upon the receipt of such report, "Upon a majority vote of such board of supervisors, it may adopt a resolution that such highway or section thereof so approved shall be constructed under the provisions of this act, or of any existing act." (Section 6.)

The expense of the highway improvement is borne as provided by the act.

Prior to November 23, 1903, thirty-one petitions as provided by the act had been filed with the board of supervisors of the county of Jefferson. These petitions related to different pieces of highway about the county aggregating one hundred and eleven miles of road included within seventeen of the twenty-two towns of the county. One or more roads had been completed and other work was in progress. Up to that time twelve final resolutions under section six of said act each relating to a different road had been adopted by the board of supervisors, and said board had appropriated or directed the treasurer of the county to pay on account of roads under said act $158,130.

The defendants contend that the act of 1898 does not give boards of supervisors any authority to adopt the system of highway improvement provided for by the act. There is no provision in said act or in any act called to our attention for a general resolution expressly adopting such system. The language of the legislature in chapter 606 of the Laws of 1903 that we have quoted is not, however, meaningless. It is a legislative construction of the act of 1898 as including authority for a county to adopt the system of highway improvement thereby provided. There is no provision therein for the adoption by a board of supervisors of the act by or on behalf of certain towns, or other particular portions of the county. If a resolution generally adopting the system of highway improvement provided for by the act was passed by a board of supervisors in behalf of the county or of one or more of

the towns thereof it would not prevent the necessity of a vote by the board of supervisors upon each highway or section thereof proposed to be constructed under the provisions of the act. The only way provided by the act for the adoption of the system of highway improvement provided therein is by the voluntary vote of a majority of the board of supervisors adopting a resolution that public interest demands the improvement of any public highway or section thereof within the county or under section six of said act that a highway or section thereof approved by the state engineer shall be constructed under the provisions of the act and by providing the money necessary for the treasurer of the county to pay on account thereof as provided by the act.

A resolution under said section six is not compulsory but optional and its passage by the board of supervisors of the county of Jefferson in the several instances mentioned was an acceptance by the county of the money of the state for highway improvement under the act and an adoption of the system of highway improvement provided by the act within the meaning of said chapter 606 of the Laws of 1903.

When the board of supervisors of any county has so accepted the provisions of the act of 1898 a village in the county cannot add any part of its roads to the other roads of the county entitled to improvement under the act by diminishing its boundaries.

The defendants also insist that the plaintiff cannot maintain this action because he is not a resident of the village of Glen Park.

This court in *Greene* v. *Knox* (175 N. Y. 432) say : " There are three statutes which a taxpayer may invoke in aid of an action brought by him for the public benefit against municipal officers or agents. The first of these statutes is section 1925 of the Code of Civil Procedure, under which a plaintiff may ask for judgment preventing waste of, or injury to, the estates, funds or property of a municipality. The second statute is chapter 301, L. 1892, under which officers, agents or persons acting, or who have acted, for a municipality may be

prevented from doing or continuing illegal official acts, or committing waste, and may be compelled to make good or restore any municipal funds or property unlawfully paid out or appropriated. The third statute is section 27 of the Civil Service Law (chap. 370, L. 1899) which provides that the right of a taxpayer to bring an action to restrain the payment of salaries out of municipal funds shall not be limited or denied because the office, place or employment affected by the suit 'shall have been classified as, or determined to be, not subject to competitive examination.' "

Said chapter 301 of the Laws of 1892 has not been repealed by implication. This court has since the last amendment of the Code provision repeatedly recognized it as in full force and effect. (*Greene* v. *Knox, supra ; Wenk* v. *City of New York,* 171 N. Y. 607 ; *Bush* v. *O'Brien,* 164 N. Y. 205 ; *Wallace* v. *Jones,* 182 N. Y. 37 ; *Stone* v. *Board of Supervisors of Broome Co.,* 166 N. Y. 85.) Under the Code provision the action may be maintained by a citizen resident in the municipality or by a corporation that is assessed for and is liable to pay, or within one year before the commencement of the action has paid a tax therein. Under the act as amended in 1892 the action may be maintained " By any person or corporation whose assessment, or by any number of persons or corporations, jointly, the sum of whose assessments shall amount to one thousand dollars, and who shall be liable, to pay taxes on such assessment or assessments in the county, town village or municipal corporation to prevent the waste or injury of whose property the action is brought, or who have been assessed or paid taxes therein upon any assessment or assessments of the above named amount within one year previous to the commencement of any such action or actions."

The purposes of the acts are not identical. The purpose of the Code provision is " To obtain a judgment, preventing waste of, or injury to, the estate, funds, or other property of a county, town, city or incorporated village of the state." The purpose of the act as amended in 1892 is " To prevent any illegal official act   *   *   *   or to prevent waste or injury to,

or to restore and make good, any property, funds or estate" of a municipality. The acts are independent each of the other and it is not necessary that a person bringing an action under the act of 1892 to prevent an illegal official act should be a resident of the municipality.

The history and relation of these statutes are fully and quite satisfactorily stated by COCHRANE, J., in *Wey* v. *O'Hara* (48 Misc Rep. 82). The village is a proper party defendant. ( *Wenk* v. *City of New York, supra.*)

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment affirmed.