---

(65 Misc. Rep. 367.)

MALONE, FT. C. & H. P. RY. CO. v. SPUYTEN DUYVIL CONST. CO. et al.

(Supreme Court, Trial Term, Franklin County. December, 1909.)

STREET RAILROADS (§ 39*)—RIGHTS IN STREETS.

    The rights of an electric railway company in a highway are subject to the right of the public authorities to improve the highway as the public interest requires, and to the liability of being required to change its location, grade, etc., to conform to the requirements of such public improvements, at its own expense, without recourse against those lawfully engaged in improving the highway for any damage that might be done to the railroad property, when no reckless or negligent act causes any damage; and where proceedings authorizing the improvement of a highway as a state road were regularly had, an electric railway company occupying the highway could not recover for damages resulting from the careful construction of the road.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 104; Dec. Dig. § 39.*]

Action by the Malone, Ft. Covington & Hopkins Point Railway Company against the Spuyten Duyvil Construction Company and others to recover damages for destruction of the roadbed of a railroad company. Judgment for defendants.

---

Kellas & Genaway, for plaintiff.

Earl W. Scripter, for defendants Heuer, Melius, and the Spuyten Duyvil Const. Co.

Harry S. Patten, for defendants Skene and Langlois.

Edward R. O'Malley, Atty. Gen., for the State.

VAN KIRK, J. This action is brought by the plaintiff to recover against the defendants damages suffered by the plaintiff because of the destruction of its roadbed, which it had built within the limits of the highway in Franklin county, N. Y., leading from Ft. Covington to Malone. This cause was tried before the court with a jury, and the questions whether or not the plaintiff had suffered damages by reason of the acts of the defendants, and, if so, how much, were submitted to the jury, subject to the opinion of the court as to whether or not there was any liability for damages, if any, suffered. The jury found damages in the sum of $2,363.37, and the plaintiff has moved to set aside this verdict as inadequate under the evidence in the case. No defendant has made a motion to set aside the verdict.

The facts, except as to damages, are practically undisputed. In April, 1906, the board of supervisors of Franklin county passed the preliminary resolution provided for in the statute, to the effect that the public interests demanded the improvement of this highway, under chapter 115 of the Laws of 1898. A certified copy of this resolution was forwarded to the state engineer and surveyor. During 1906 the plaintiff, an electric railroad company, was organized as a corporation and took all of the proceedings to procure all the rights necessary to give it the privilege and franchise for constructing its line of street surface railroad through the highway in question between Ft. Covington and the Malone town line. It then proceeded to construct a roadbed along the side of the traveled roadway, crossing this roadway occasionally. In December, 1906, it claims that it had its roadbed constructed for the laying of the ties and rails, but during the winter did not proceed further with its construction. It further claims that in 1907, during the panic times, it was unable to raise the funds necessary for completing its line, and nothing further had been done up to the time (1908) the state road was constructed along this same highway.

The state engineer and surveyor certified his approval of the resolution of the board of supervisors of Franklin county of April 18, 1906, and caused plans, maps, and specifications to be prepared and estimates of the cost for the improvement to be made. These records were sent to the board of supervisors of Franklin county; and, on the 20th day of November, 1907, the board adopted a resolution that said highway be improved and constructed in accordance with the maps, plans, specifications, and estimates prepared by the state engineer and surveyor. This resolution was certified to the state engineer and surveyor, bids were advertised for, and the contracts were thereafter awarded to the Spuyten Duyvil Construction Company, defendant. In 1908 the state road was constructed, under Laws 1898, c. 115. In many places the grade of the highway was reduced and fills made. It does not appear that any act was done, or the location of the state road chosen, except in accordance with the plans, specifications, and contracts, and with due

regard to the public interest. It was not necessary to construct an ungainly or more expensive highway, or to choose a location at the side of the highway, along the ditch, in order to save the railroad company the expense of changing its location. In constructing the state road it was proper and necessary to use the location of plaintiff's road. During the construction of the state road, so much of the roadbed of the plaintiff as had been constructed in 1906, and still remained, was destroyed. It is disclaimed by the plaintiff that there was any negligence, wantonness, misconduct, or neglect on the part of the construction company or any of the defendants in carrying out the terms of the contract. The defendant Heuer is the president of the defendant company, the defendant Melius is the general manager thereof and an engineer, the defendant Skene was the state engineer and surveyor at the time, and the defendant Langlois was the resident engineer.

The plaintiff was rightfully in the state highway, and had a right to construct its railroad line between the side limits of the highway, without unduly interfering with the easement of the public in said highway. No action has been brought directly to annul the charter of the plaintiff, and it cannot be annulled in this action, even though the plaintiff had not begun and completed its road within the time limited by statute. The roadbed of the railroad had been constructed before action was taken determining that the highway should be improved and authorizing its improvement, which was in November, 1907. Steele v. Village of Glen Park, 193 N. Y. 341, 86 N. E. 26. The resolution of April, 1906, was not such action. The railroad company had its franchise, and its roadbed was in the highway, with all the rights attaching to such franchise. These rights included the right to use the surface of the highway between the side lines of the highway for its electric railroad and to operate thereon. It did construct and own property in the highway; but it did not own any particular part of the highway, or a right to a particular location. These rights of the railroad company were taken and were held subject always to the right of the proper public authorities to improve the highway as the public interest required; also subject to the liability of being required to change its location, grade, etc., to conform to the requirements of such public improvement of the surface of the highway, at its own expense, without recourse in the way of damages against those lawfully engaged in improving the highway for any damage that might be done to the railroad property (Matter of Deering, 93 N. Y. 361; Brooklyn El. R. R. Co. v. City of Brooklyn, 2 App. Div. 98, 37 N. Y. Supp. 560; N. O. G. L. Co. v. Damage Com. of N. O., 197 U. S. 453, 25 Sup. Ct. 471, 49 L. Ed. 831), when no reckless, wanton, or negligent act on the part of those improving the highway caused the damage. Such changes required by a public improvement of the highway and the consequent injury to plaintiff's property cannot be deemed the taking of private property for a public use. Union Bridge Co. v. United States, 204 U. S. 364, 398, 399, 27 Sup. Ct. 367, 51 L. Ed. 523; Chicago, B. & Q. R. R. Co. v. Illinois, 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596; West Chicago St. R. R. Co. v. City of Chicago, 201 U. S. 506, 26 Sup. Ct. 518, 50 L. Ed. 845.

There is no question here as to the taking of plaintiff's franchise.

In granting the franchise to the plaintiff, there was no intent to abandon any rights of the public in the highway. Smith v. City of Rochester, 92 N. Y. 463, 44 Am. Rep. 393; Delaware, L. & W. R. R. Co. v. City of Buffalo, 158 N. Y. 266, 53 N. E. 44. It is not questioned but that the proceedings authorizing the improvement of the highway by the construction of the state road were regular and legal, and that all necessary acts and proceedings were properly taken to authorize the construction of the state road. The holding in Litchfield v. Bond, 186 N. Y. 66, 78 N. E. 719, is not applicable here. In that case the property invaded was private land held in fee by the plaintiff, and no public right of any kind had been acquired therein. Here the plaintiff has its property in a public highway by virtue of a franchise which gives it a right to use, subject to the right in the proper public authorities to change and improve that highway.

I am constrained, therefore, to hold that such damages as were suffered by the railroad company, because of the construction of the state road, were damages on account of which the plaintiff has no redress; and, therefore, it is not necessary to inquire whether or not the defendants are the proper parties defendant in such an action as this. On account of the view taken as to liability, it is unnecessary to pass upon the plaintiff's motion to set aside the verdict; but, to the end that the whole matter may be finally disposed of, I have concluded also to pass upon that motion.

The evidence as to damages was put in without objection, and no dispute arose as to the rule of damages applicable to the case, excepting that the plaintiff requested to have considered as an element of damages the loss of its franchise. This request was refused. There was no evidence in the case on which the court could say that the plaintiff did not still have the right to construct its railroad along this highway. It did not appear that either the state superintendent of highways or the state engineer and surveyor had refused consent to the construction of the railroad along this highway. So far as the evidence in the case shows, the plaintiff may still construct its railroad along this highway, and consequently may enjoy its franchise.

There was considerable dispute in the evidence as to the amount of work which the railroad company had done in constructing its roadbed, as to the cost thereof, and as to the condition of the roadbed in 1908, when the state road was constructed, the roadbed of the railroad then having laid under the action of the elements two years, without repair or restoration. There was evidence produced by the defendants tending to show that the grass had overgrown the roadbed in many places; that in some places the landowners adjoining the highway had plowed over the highway and crops were actually growing upon this roadbed; also that in places the roadbed was not observable. If, therefore, there was any liability for damages, the verdict of the jury must stand as the measure thereof. I do not think that the award of damages is outside of the fair construction of the evidence in the case. A jury may fairly have thought that the amount awarded was a complete compensation for the damages done.

Judgment accordingly.