In the Matter of ST. JOHN TERRELL, Appellant, against ROBERT MOSES, as Commissioner of Parks of the City of New York, Respondent.

First Department, June 25, 1957.

*Stanley Goldstein* of counsel (*George T. Vogel* with him on the brief; *Goldstein, Golenbock & Barell,* attorneys), for appellant.

*Andrew Bellanca* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* This is an article 78 proceeding seeking an order annulling a grant made by the park commissioner. The learned court at Special Term denied the application and dismissed the petition. We are constrained to modify the order for the reasons hereinafter ascribed.

Clearly, the commissioner exceeded his powers if he entered into a lease with a corporation for the performance of musical productions in Central Park without compliance with the statutory provisions and without obtaining the approval of the board of estimate (New York City Charter, §§ 361, 362, 383, 384; *Williams* v. *Hylan,* 223 App. Div. 48, 52, 53, 55, affd. 248 N. Y. 616).

The commissioner denies that such a lease was executed, but asserts that he merely issued a permit or license which he is authorized to do pursuant to section 532 and subdivision a of section 534 of the New York City Charter, subdivisions 1 and 2 of section 21 of the Rules and Regulations of the Department of Parks of the City of New York.

The document appears to have all of the attributes of a lease affecting public property (*Williams* v. *Hylan, supra; Williams* v. *Gallatin,* 229 N. Y. 248; *Gushee* v. *City of New York,* 42 App. Div. 37, 40). As already indicated, if the agreement in question be a lease, the commissioner may not enter into it. Were the question properly before us, we might not conclude, as did the learned court at Special Term, that the agreement referred to is a license.

We cannot, however, reach the question in this proceeding. Assuming that a broad public question is posed herein sufficient

to justify an article 78 proceeding by the petitioner as a citizen, resident or taxpayer, such a status is not alleged in the petition and, in the absence thereof, the petitioner does not have capacity to maintain this proceeding (General Municipal Law, § 51; *People ex rel. Daley* v. *Rice,* 129 N. Y. 449; *Blanshard* v. *City of New York,* 262 N. Y. 5, 13; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390, 393; *Steele* v. *Village of Glen Park,* 193 N. Y. 341, 344; *Matter of Andresen* v. *Rice,* 277 N. Y. 271, 281; *Matter of McCabe* v. *Voorhis,* 243 N. Y. 401, 411).

The order appealed from should be modified so as to provide that the motion is denied without prejudice to a renewal thereof upon an amended petition or, if the petitioner be so advised, without prejudice to a new article 78 proceeding or a plenary taxpayer's action.

BREITEL, J. P., FRANK, McNALLY and BASTOW, JJ., concur; VALENTE, J., dissents and votes to affirm.

Order modified in accordance with the opinion herein and, as so modified, affirmed without prejudice to a new article 78 proceeding or a plenary taxpayer's action. Settle order on notice.